UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

-------------------------------------------------------------X
JAQUELINE BOTTEGA,

Plaintiff,

v. CIVIL ACTION NO. NC 04-323ML

EDGAR YACHT MANAGEMENT, INC. and
LOLA MARINE, LTD.,

Defendants.
-------------------------------------------------------------X

ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIM
OF DEFENDANT LOLA MARINE, LTD.

Defendant, LOLA MARINE, LTD., by and through its attorneys, LOVEJOY & ASSOCIATES, LLC, as and for its Answer to Plaintiff's Amended Complaint dated August 13, 2004 submits, on information and belief, as follows:

AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint.

3. Denies the allegations contained in paragraph 3 of the Amended Complaint.

4. Admits that at the time of Plaintiff's accident, defendant LOLA MARINE, LTD. was a domestic corporation which was the registered owner of the yacht S/V

LOLA and did business in the State of Rhode Island but, except as so admitted, denies the remaining allegations contained in paragraph 4 of the Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6. Denies the allegations contained in paragraph 6 of the Amended Complaint.

7. Denies the allegations contained in paragraph 7 of the Amended Complaint.

8. Denies the allegations contained in paragraph 8 of the Amended Complaint.

9. Denies the allegations contained in paragraph 9 of the Amended Complaint.

10. Denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Denies the allegations contained in paragraph 11 of the Amended Complaint.

12. Denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Denies the allegations contained in paragraph 13 of the Amended Complaint.

14. Denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Denies the allegations contained in paragraph 17 of the Amended Complaint except admits LOLA MARINE, LTD. is the registered owner of the S/V LOLA.

18. Denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Admits that pursuant to a bareboat charter agreement and a Yacht Employment Agreement, plaintiff Jacqueline Bottega was hired by J.W. Kaempfer to work on the S/V LOLA from August 10 to August 20, 2001, however, defendant LOLA MARINE, LTD. denies paragraph 19 of the Amended Complaint as written.

20. Denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Admits that on August 18, 2001 the vessel LOLA was operating in United States territorial waters but, except as so admitted, denies the remaining allegations contained in paragraph 23 of the Amended Complaint.

24. Denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Denies that Plaintiff entered this Defendant's employ and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Amended Complaint.

27. Denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Denies the allegations contained in paragraph 28 of the Amended Complaint.

AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

29. Defendant, LOLA MARINE, LTD., reaffirms and realleges each and every answer set forth in paragraphs 1 through 28 above as if fully set forth herein and further submits:

30. Admits that on August 18, 2001 Plaintiff was injured while in the employ of J.W. Kaempfer but, except as so admitted, denies the remaining allegations contained in paragraph 30 of the Amended Complaint.

31. Denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Denies the allegations contained in paragraph 32 of the Amended Complaint.

AS TO PLAINTIFF'S THIRD CAUSE OF ACTION

33. Defendant, LOLA MARINE, LTD., reaffirms and realleges each and every answer set forth in paragraphs 1 through 32 above as if fully set forth herein and further submits:

34. Denies the allegations contained in paragraph 33 of the Amended Complaint in so far as they relate to this Defendant and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Amended Complaint.

35. Denies the allegations contained in paragraph 34 of the Amended Complaint in so far as they relate to this Defendant and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Amended Complaint.

36. Denies the allegations contained in paragraph 35 of the Amended Complaint in so far as they relate to this Defendant and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Amended Complaint.

FIRST AFFIRMATIVE DEFENSE

37. Plaintiff's Amended Complaint fails to state a claim or a cause of action upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

38. Defendant LOLA MARINE, LTD. did not breach any duty owed to Plaintiff.

THIRD AFFIRMATIVE DEFENSE

39. Plaintiff's damages, if any, were not proximately caused or contributed to by any acts or omissions of Defendant LOLA MARINE, LTD. or by anyone for whom Defendant LOLA MARINE, LTD. may be responsible.

FOURTH AFFIRMATIVE DEFENSE

40. If Plaintiff has suffered injuries and damages as alleged in the Amended Complaint, which is denied, such damages were caused wholly or partly by the intentional, reckless and/or negligent acts of the Plaintiff with no fault of the answering Defendant LOLA MARINE, LTD. contributing thereto. The liability of this answering Defendant, LOLA MARINE, LTD., if any, should be reduced by the amount of comparative fault of the Plaintiff.

FIFTH AFFIRMATIVE DEFENSE

41. If Plaintiff has suffered injuries and damages as alleged in the Amended Complaint, which is denied, such injuries and damages were caused wholly or partly by the negligent, reckless and/or intentional acts of persons, parties or entities for whom Defendant LOLA MARINE, LTD. is not responsible, namely J.W. Kaempfer, Edgar Yacht Management, Inc., or their agents or assigns among others.

SIXTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims in whole or in part are barred by the doctrine of laches.

SEVENTH AFFIRMATIVE DEFENSE

43. If Plaintiff suffered any injuries and damages, which is denied, they were due wholly or in part to a pre-existing physical condition which was not caused by or contributed to by Defendant LOLA MARINE, LTD. and for which Defendant LOLA MARINE, LTD. is not responsible. This pre-existing condition is specifically pled as a

complete and total bar to, or in diminution of recovery for the claims or part of the claims asserted by Plaintiff.

EIGHTH AFFIRMATIVE DEFENSE

44. Plaintiff has failed to exercise reasonable care and diligence to prevent avoidable consequences of her injuries resulting in a failure to mitigate her damages, which failure is specifically pled as a complete and total bar to, or in diminution of, any recovery by the Plaintiff in this action.

NINTH AFFIRMATIVE DEFENSE

45. Plaintiff's damages, if any, were caused solely or in some degree by the result of Plaintiff's failure to follow the advice, care and treatment of her attending doctors.

TENTH AFFIRMATIVE DEFENSE

46. Defendant LOLA MARINE, LTD. shows that the vessel LOLA and all appurtenances thereto were at all times seaworthy, strong, staunch, sturdy, well maintained and reasonably fit for their intended purposes.

ELEVENTH AFFIRMATIVE DEFENSE

47. Plaintiff has inadvertently received pay for the balance of the term for which she was hired and has received maintenance and payment of medical benefits (cure) until reaching the point of maximum cure. The employer of plaintiff, whoever it is determined to be, had/has no further obligation for wages or for maintenance and cure or, if there is any further obligation, which is denied, the extent of the obligation should be reduced by and subject to a set-off in the amount of payments already tendered to Plaintiff.

TWELFTH AFFIRMATIVE DEFENSE

48. Defendant LOLA MARINE, LTD. specifically pleads payment as a complete and total bar to, or in diminution of recovery for the claims or part of the claims asserted by Plaintiff.

THIRTEENTH AFFIRMATIVE DEFENSE

49. Defendant LOLA MARINE, LTD. was not at any pertinent time Plaintiff's employer.

FOURTEENTH AFFIRMATIVE DEFENSE

50. There is no contract or privity of contract between Plaintiff and Defendant LOLA MARINE, LTD. on which a claim for the relief sought in the complaint may be based.

FIFTEENTH AFFIRMATIVE DEFENSE

51. Defendant LOLA MARINE, LTD. alleges upon information and belief that the matters and things, if any, complained of in the Amended Complaint were done, occasioned and incurred without the privity or knowledge of Defendant LOLA MARINE, LTD.

52. That the amount of damages alleged in said Amended Complaint exceed the amount or value of the Defendant's interest in said vessel and her freight then pending and the Defendant LOLA MARINE, LTD. invokes the benefits of the Revised Statutes of the United States (46 U.S.C. §§ 181-189) and the various statutes supplementary thereto and amendatory thereof in limitation of the liability of the shipowner under which provisions, should the Defendant LOLA MARINE, LTD. be held liable for or by reason of the matters or any of them, set forth in the Amended Complaint,

the Plaintiff is not entitled to recover damages therefore in a sum in excess of the amount or value of the Defendant LOLA MARINE, LTD.'s interest in the vessel and freight then pending at the time of the occurrence alleged in the Amended Complaint.

SIXTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's damages, if any, were the result of an accident and that, insofar as this Defendant LOLA MARINE, LTD. is concerned, such accident was unavoidable.

WHEREFORE, this answering Defendant prays that this Court enter judgment in favor of Defendant against Plaintiff dismissing all causes of action set forth in the Complaint and that Defendant be granted such other and further relief as to this Court seems just and proper, including costs, disbursements and attorneys' fees.

CROSS-CLAIM OF LOLA MARINE, LTD. AGAINST EDGAR YACHT MANAGEMENT, INC.

Defendant, LOLA MARINE, LTD., makes this cross-claim against co-defendant, EDGAR YACHT MANAGEMENT, INC., and alleges as follows:

1. Defendant, LOLA MARINE, LTD., repeats and reallages each admission, denial, and denial of knowledge or information sufficient to form a belief contained in this Answer to Amended Complaint with the same force and effect as if set forth at length herein.

2. Upon information and belief, co-defendant EDGAR YACHT MANAGEMENT, INC., is, or was at all material times, a corporation organized and existing under the laws of the State of North Carolina and doing business in the State of Rhode Island. LOLA MARINE, LTD. retained EDGAR YACHT MANAGEMENT pursuant to an oral contract to provide management services to the S/V LOLA, including providing crew for the vessel when the vessel was not being bareboat chartered.

3. On July 6, 2001, LOLA MARINE, LTD. entered into a Yacht Charter Agreement with J. W. Kaempfer under the terms of which J.W. Kaempfer agreed to bareboat charter the vessel LOLA as its owner pro hac vice for a period of ten days commencing on August 10, 2001 and terminating on August 20, 2001.

4. On July 6, 2001, J. W. Kaempfer, as bareboat charterer of the vessel LOLA, also entered a companion Yacht Employment Agreement in which J. W. Kaempfer undertook to hire the crew of the LOLA for the period of the aforesaid bareboat charter.

5. Pursuant to the second WHEREFORE clause of the Yacht Employment Agreement, Captain Robert Edgar, on behalf of EDGAR YACHT MANAGEMENT, INC., agreed to furnish two crew members to J.W. Kaempfer for the period of the charter, i.e., August 10 to August 20, 2001, including the mate who is plaintiff herein, JACQUELINE BOTTEGA.

6. That at all times relevant and material hereto, plaintiff BOTTEGA was in the employ of J.W. Kaempfer or, alternatively, in the employ of EDGAR YACHT MANAGEMENT, INC.

7. On or about August 18, 2001, while the S/V LOLA was on navigable waters in the State of Maine, plaintiff BOTTEGA was injured in the course of her employment.

8. That plaintiff BOTTEGA was not in the employ of LOLA MARINE, LTD. on August 18, 2001, the date of her injury.

9. Plaintiff BOTTEGA's injuries were not caused by the negligence, error, omission or breach of warranty of defendant LOLA MARINE, LTD., or anyone for whom it is responsible.

10. By reason of the foregoing premises, if any liability should be adjudged and imposed upon defendant LOLA MARINE, LTD., then said defendant is entitled to full indemnity or contribution from defendant EDGAR YACHT MANAGEMENT, INC., together with its costs and disbursements in defense of this action, whether previously incurred to date, or incurred in the future.

WHEREFORE, defendant LOLA MARINE, LTD., prays that this Court enter judgment in favor of Defendant against Plaintiff dismissing all causes of action set forth in the Amended Complaint and awarding defendant its costs and disbursements in this action, including counsel fees; in the alternative, that judgment enter in its favor over and against defendant, EDGAR YACHT MANAGEMENT, INC., for full indemnity to the extent of any liability adjudged against defendant LOLA MARINE, LTD. To plaintiff, or for contribution, together with its costs and disbursements, including attorneys' fees; and such other and further relief as to this Court seems just and proper, including costs, disbursements and attorneys' fees.

Dated: Providence, Rhode Island
January 20, 2006

LOVEJOY & ASSOCIATES
Attorneys for Defendant,
LOLA MARINE, LTD

By: [signature]

Frederick A. Lovejoy (RI#5313)
1536 Westminster Street
Providence, RI 02909
(401) 421-4818
(401) 273-4818 (telefax)

**CERTIFICATION**

I hereby certify on this 20th day of January, 2006, I mailed a copy of the foregoing pleading, postage prepaid, to the following attorneys of record:

Justin T. Shay, Esq.
CAMERON & MITTLEMAN, LLP
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
EDELMAN, KRASIN & JAYE, PLLC
One Old Country Road – Suite 210
Carle Place, NY 11514

Norman A Peloquin, II, Esq.
Saunders & Saunders, LLP
700 Pleasant Street
New Bedford, Massachusetts 02740
(508) 999-5400

J.W. Kaempfer
c/o Lawrence Brennan, Esq.
Wilson Elser Moskowitz Edelman & Dicker
150 E 42nd Street Floor 19
New York, New York 10017-5639

J.W. Kaempfer
C/o The Kaempfer Co.
1501 K Street, N.W., Suite 300
Washington, D.C. 20005

By: ______________________
FREDERICK A. LOVEJOY