IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAQUELINE BOTTEGA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM B. HALSTEAD, EDGAR YACHT MANAGEMENT, INC., and LOLA MARINE LTD.<br><br>Defendants. | CIVIL ACTION NO. NC 04-323ML |
| LOLA MARINE, LTD.,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>J.W. KAEMPFER,<br><br>Third-Party Defendant. | |

**ANSWER TO CROSS-CLAIM
OF LOLA MARINE, LTD.**

NOW COMES defendant, Edgar Yacht Management, Inc., (hereinafter referred to as "Edgar"), by its attorneys, and for its answer to the Cross-Claim of defendant, Lola Marine, Ltd. (hereinafter referred to as "Lola Marine"), states, upon information and belief, as follows:

[Cross-Claim]

1. Edgar repeats and reiterates its responses, affirmative defenses and counter-allegations to the allegations contained in its Answer and Cross-Claim to the Amended Complaint, dated September 30, 2004, with the same force and effect as if set forth at length herein.

2. Edgar denies the truth of the allegations contained in the Second Paragraph of the Cross Claim.

3. Edgar admits the truth of the allegations contained in the Third Paragraph of the Cross-Claim regarding the execution of the agreement; however, to the extent that the allegations state conclusions of law with respect to the charter party and status of the third-party plaintiff and third-party defendant, Edgar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore calls upon defendant Lola Marine to prove same.

4. Edgar admits the truth of the allegations contained in the Fourth Paragraph of the Cross-Claim regarding the execution of the agreement; however, to the extent that the allegations state conclusions of law, or otherwise seek to impose liability upon Edgar with respect to the employment of the crew, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore calls upon defendant Lola Marine to prove same.

5. Edgar denies the truth of the allegations contained in the Fifth Paragraph of the Cross-Claim.

6. To the extent that the allegations contained in the Sixth Paragraph of the Cross-Claim seek to impose liability upon Edgar, this defendant denies the truth of the allegations contained therein.

7. Edgar admits the truth of the allegations contained in the Seventh Paragraph of the Cross-Claim.

8. Edgar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Eighth Paragraph of the Cross-Claim, and therefore calls upon defendant Lola Marine to prove same.

9. Edgar is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in the Ninth Paragraph of the Cross-Claim, and therefore calls upon defendant Lola Marine to prove same.

10. To the extent that the allegations and conclusions of law contained in the Tenth Paragraph of the Cross-Claim seek to impose liability upon Edgar, this defendant denies same.

Affirmative Defenses

Edgar incorporates the following affirmative defenses into each and every paragraph contained in its Answer to the Cross-Claim:

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that the Cross-Claim must be dismissed for lack of personal jurisdiction over Edgar.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that the Cross-Claim must be dismissed for improper venue.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that the Cross-Claim must be dismissed for failure to state claims upon which relief can be granted.

AND FURTHER ANSWERING, AS A COMPLETE AND SEPARATE DEFENSE, if plaintiff sustained any injuries, which is specifically denied, said injuries were caused or contributed by the acts or omissions of third parties for whom this defendant is not legally responsible, namely Lola Marine, Ltd. and/or J. W. Kaempfer, or their respective employees and agents, among others.

AND FURTHER ANSWERING, AS A COMPLETE AND SEPARATE DEFENSE, if J. W. Kaempfer is found to be a non-citizen of the United States, then the underlying charter party

is illegal and void *ab initio* and does not divest Lola Marine, Ltd. of liability as owner of the vessel.

WHEREFORE, defendant, Edgar Yacht Management, Inc., respectfully prays that:

1. Judgment enter in its favor dismissing the Amended Complaint and Cross-Claim herein and awarding its costs and disbursements of this action, including reasonable attorneys' fees;

2. In the alternative, judgment enter in its favor over and against defendant, Lola Marine, Ltd., for full indemnity to the extent of any liability of defendant Edgar to plaintiff, or for contribution, together with its costs and disbursements, including reasonable attorneys' fees; and

3. Such other and further relief as this Honorable Court deems just and proper.

Dated: January 30, 2006

Respectfully submitted,

EDGAR YACHT MANAGEMENT, INC.
By its Attorneys,
SAUNDERS & SAUNDERS, LLP

Norman A. Peloquin, II (R. I. Bar No. 4146)
Of Counsel
16 Main Road, P.O. Box 65
Adamsville, RI 02801
Tel. (401) 635-9100; Fax (401) 635-9125

Certificate of Service

I hereby certify that on the 30th day of January, 2006, I served a true copy of the forgoing document upon counsel of record by mailing same, first class, postage prepaid, to: Justin T. Shay, Cameron & Mittleman, LLP, 56 Exchange Terrace, Providence, RI 02903; Gregory D. Bellantone, *pro hac vice*, Edelman, Krasin & Jaye, PLLC, One Old County Road, Suite 210, Carle Place, NY 11514; and Frederick A. Lovejoy, 1536 Westminster Street, Providence, RI 02909.

Attorney at Law