**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

---------------------------------------------------------------------X

**JACQUELINE BOTTEGA,**

**Plaintiff,**

**CIVIL ACTION**
**No. 04-323ML**

**v.**

**WILLIAM B. HALSTEAD,**
**EDGAR YACHT MANAGEMENT, INC., and**
**LOLA MARINE LTD.,**

**Defendants**

---------------------------------------------------------------------X

**LOLA MARINE, LTD.,**

**Third-Party Plaintiff,**

**v.**

**J.W. KAEMPFER**

**Third-Party Defendant.**

---------------------------------------------------------------------X

**THIRD-PARTY DEFENDANT J.W. KAEMPFER'S ANSWER WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM TO DEFENDANT EDGAR YACHT MANAGEMENT, INC.'S CROSS-CLAIM**

Third-Party Defendant, J.W. KAEMPFER (hereinafter referred to as "KAEMPFER") by and through its attorneys, SAYER, REGAN, THAYER & FLANAGAN as and for its Answer with Affirmative Defenses and Cross-Claim to Defendant EDGAR YACHT MANAGEMENT, INC'S. (hereinafter referred to as "EDGAR") Cross-Claims states the following on information and belief:

[First Cause of Action]

1. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1"of EDGAR's cross claim.

2 Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2"of EDGAR's cross claim.

3. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3"of EDGAR's cross claim.

4. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4"of EDGAR's cross claim.

5. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5"of EDGAR's cross claim.

6. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6"of EDGAR's cross claim.

7. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7"of EDGAR's cross claim.

8. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8"of EDGAR's cross claim.

9. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9"of EDGAR's cross claim.

10. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10"of EDGAR's cross claim.

11. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11"of EDGAR's cross claim.

12. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12"of EDGAR's cross claim.

13. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13"of EDGAR's cross claim.

14. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14"of EDGAR's cross claim.

15. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15"of EDGAR's cross claim.

16. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16"of EDGAR's cross claim.

17. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17"of EDGAR's cross claim.

18. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18"of EDGAR's cross claim.

19. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19"of EDGAR's cross claim.

20. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20"of EDGAR's cross claim.

21. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21"of EDGAR's cross claim.

22. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22"of EDGAR's cross claim.

23. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23"of EDGAR's cross claim.

24. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24"of EDGAR's cross claim.

25. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25"of EDGAR's cross claim.

26. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26"of EDGAR's cross claim.

27. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27"of EDGAR's cross claim.

28. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28"of EDGAR's cross claim.

[Second Cause of Action]

29. Third-Party Defendant, KAEMPFER, repeats and realleges each and every denial and denial of knowledge or information contained in paragraphs 1-28 inclusive of this Answer, with the same force and effect as if set forth at length.

30. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30"of EDGAR's cross claim.

31. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31"of EDGAR's cross claim.

32. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32"of EDGAR's cross claim.

[Third Cause of Action]

33. Third-Party Defendant, KAEMPFER, repeats and realleges each and every denial and denial of knowledge or information contained in paragraphs 1-32 inclusive of this Answer, with the same force and effect as if set forth at length.

34. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34"of EDGAR's cross claim.

35. Third-Party Defendant, KAEMPFER, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35"of EDGAR's cross claim.

## AFFIRMATIVE DEFENSES

36. KAEMPFER hereby sets forth its separate and distinct defenses to EDGAR YACHT MANAGEMENT, INC'S.'s cross claim. KAEMPFER sets forth the following matters to apprise the parties and the Court of certain potentially applicable defenses. By listing any matter as an affirmative defense, KAEMPFER does not assume the burden of proving any matter upon which Plaintiff, Defendant or Third-Party-Plaintiff bears the burden of proof under applicable law.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37. The Court should dismiss EDGAR's cross claims pursuant to the terms and conditions of the Yacht Charter Agreement between LOLA and KAEMPFER which states in Paragraph 17 entitled Arbitration: " Any controversy or claims arising out of, or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, said arbitration to be held in the City and State of Owner's residence, unless another place is generally agreed upon. Judgment upon and award reached by the Arbitrator(s) may be ordered in any court of sold state having jurisdiction."

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38. Plaintiff, BOTTEGA, fails to state a claim for which relief may be granted pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39. Third-Party Defendant, KAEMPFER is not a real party in interest.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

40. Third-Party Defendant, KAEMPFER, asserts that EDGAR's cross claims are barred because the sole cause of Plaintiff's and Third-Party Plaintiff's damages, if any, were the fault, neglect, unseaworthiness and misconduct attributable to the subject vessel, its master, officers, crew, owners, and operators.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

41. Alternatively, Third-Party Defendant, KAEMPFER, further asserts that EDGAR's cross claims are barred because the owners, master, officers, crew, owners, and operators of the subject vessel misused the boom and all its components. They ignored and disregarded the warnings and instructions for the boom and all its components.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

42. Alternatively, Third-Party Defendant, KAEMPFER, further asserts that EDGAR's cross claims are barred because the damage alleged by Plaintiff and Third-Party Plaintiff was solely caused by acts or omissions of the owners, master, officers, crew and operators of the subject vessel over whom KAEMPFER had no supervision or control and there was no damage as the result of any act of omission on the part of KAEMPFER. Defendant should not recover any damages from KAEMPFER which were caused by the acts or omissions of others over who KAEMPFER had no supervision or control.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

43. Alternatively, Third-Party Defendant, KAEMPFER further asserts that any act or omission attributed to it was not the legal or proximate cause of any damage suffered by Plaintiff or Third-Party Plaintiff. Rather, if Plaintiff or Third-Party Plaintiff suffered damages, they were caused by the acts or omissions of the subject vessel, its owners, master, officers, and/or crew for which KAEMPFER had no legal responsibility.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

44. Alternatively, the owners, master, officers and crew of the subject vessel knew or should have known of the alleged risks and were negligent and careless in the operation of the vessel. Such intervening and superseding conduct was the sole proximate cause of any alleged damage and therefore precludes Plaintiff and Third-Party Plaintiff from obtaining recovery against KAEMPFER.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

45. Alternatively, and without waiving the foregoing, damages sought by Third-Party Plaintiff were caused by the acts and omissions of persons over whom KAEMPFER has no responsibility.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

46. Alternatively, and without waiving the foregoing, damages sought by Third-Party plaintiff were caused by acts and omissions of the Plaintiff and Third-Party Plaintiff over whom KAEMPFER has no supervision or control.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

47. If any party sustained damages, there was an intervening cause or causes that led to said damages and, as such, any act on the part of KAEMPFER was not the proximate cause of the Plaintiff's or Third-Party Plaintiff's damages.

**AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE**

48. The acts or omissions giving rise to the damages and losses alleged were those for which KAEMPFER is no way liable or responsible.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

49. If the Plaintiff was injured, she was not conducting herself in the manner of a capable seaman, in that she was not being observant of obvious hazards and was not taking due regard for her own safety.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

50. In the event that Plaintiff or Third-Party Plaintiff recovers judgment against KAEMPFER, in whole or part, KAEMPFER is entitled to a reduction for any damages awarded for economic loss and for such past or future costs or expenses which were or will, with reasonable certainty, be reimbursed or indemnified in whole or in part for any collateral source including by not limited to insurance.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

51. Plaintiff is not entitled to the relief sought herein.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

52. If it be deemed that the Plaintiff is entitled to receive compensation under any statute or statutes, Plaintiff's rights are limited to the terms and conditions of said statute or statutes.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

53. If the damages alleged by Plaintiff or Third-Party Plaintiff were caused or contributed to, in whole or in part, by any fault, neglect, assumption of risk or want of care on the part of Plaintiff or Third-Party Plaintiff, then, and in such event, any recovery and/or right of recovery herein by the Plaintiff or Third-Party Plaintiff against KAEMPFER, which recovery and/or right or recovery is specifically denied, shall be reduced or lessened in the proportion that any such fault, neglect, assumption of risk or want of care may have contributed to causing the totality of the alleged damages.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

54. Defendant is not liable to EDGAR on the causes of actions alleged in EDGAR's cross claims.

**AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE**

55. Third-Party Defendant KAEMPFER reserves the right to allege any further separate or affirmative defenses to EDGAR's cross claims.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

56. If this Court should find that Plaintiff or Third-Party Plaintiff sustained injury as alleged, which is specifically denied by KAEMPFER, said injury was caused solely by Plaintiff's and Third-Party Plaintiff's own fault and misconduct for which it can have no recovery herein.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

57. Plaintiff's injuries were preexisting and were in no way connected to the situations or allegations set forth in the subject complaint.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

58. Plaintiff and Third-Party Plaintiff have failed to mitigate the damages if any.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

59. Plaintiff or Third-Party Plaintiff was careless, negligent, and reckless in and about the matters which are made the basis of this lawsuit, and such carelessness, negligence, recklessness and/or willful misconduct were the proximate and legal causes of the damages and injuries incurred in this case. Moreover, plaintiff's recovery against KAEMPFER if any, should be reduced by the amount of the plaintiff's comparative fault.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

60. No duty exists on behalf of KAEMPFER in favor of Plaintiff or Third-Party Plaintiff or EDGAR.

**AS AND FOR A TWENTY-FFTH AFFIRMATIVE DEFENSE**

61. KAEMPFER denies that the Plaintiff or Third-Party Plaintiff is entitled to recover in the capacity in which they have sued.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

62. KAEMPFER asserts the defenses of latches and waiver.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

63. Plaintiff's claim for relief against KAEMPFER would be barred by the controlling three year statute of limitation of 46 U.S. C.S. Appx § 763a.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

64. An award of punitive or exemplary damages in this mater would violate rights preserved and guaranteed to it in the U.S. Constitution as a litigant haled into a United States Court. Moreover, punitive or exemplary damages and attorneys fees are not recoverable against KAEMPFER in this cause under the general maritime law or any other law.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

65. Third-Party Defendant further asserts that Plaintiff's and Third-Party's claims are barred by the doctrine of comparative fault and comparative causation.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE**

66. The acts or omissions giving rise to the damages and losses alleged were those for which Third-Party Defendant is no way liable or responsible.

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE**

67. Plaintiff has received the maximum benefit from medical care.

**AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE**

68. LOLA MARINE, LTD is estopped from denying that is was Plaintiff's employer and the owner of S/Y LOLA at the time of the casualty.

**AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE**

69. Third-Party Defendant, KAEMPFER, reserves the right to allege any further, separate or additional affirmative defenses to EDGAR's cross claims.

**KAEMPFER'S CROSS-CLAIM AGAINST**
**EDGAR YACT MANAGEMENT, INC.**

1. J.W. KAEMPFER files the following Cross-Claim without prejudice to the affirmative defenses asserted in its Answers, including, but not limited to, the right to arbitration.

2. EDGAR YACHT MANAGEMENT, INC., is a domestic corporation engaged in the operation of yachts and other assorted vessels and does business in the State of Rhode Island.

3. EDGAR YACHT MANAGEMENT, INC. managed and maintained S/Y LOLA.

4. EDGAR YACHT MANAGEMENT, INC., hired the crew of S/Y LOLA.

5. On July 6, 2001, KAEMPFER entered into a charter agreement with LOLA MARINE, LTD. providing that the charter period of S/Y LOLA was to run from August 10, 2001 through August 20, 2001.

6. On August 18, 2001, plaintiff JACQUELINE BOTTEGA allegedly injured herself while onboard S/Y LOLA.

7. EDGAR YACHT MANAGEMENT, INC., has appeared in this action through counsel of record and may be served by service upon counsel of record in this action.

**CROSS-CLAIM**

8. KAEMPFER repeats the allegations contained in paragraphs 1 through 7 of this Cross-Claim as set forth at length herein.

9. Third-Party Defendant, KAEMPFER, denies all responsibility, liability and culpability from the casualty. In the event that KAEMPFER is found wholly or partially liable, KAEMPFER asserts this counterclaim for indemnity or contribution, from EDGAR YACHT MANAGEMENT, INC., together with all costs, including interest, disbursements and attorneys fees which may be incurred by KAEMPFER.

**WHEREFORE**, J.W. KAEMPFER prays for the following relief:

1. Ordering that Plaintiff, Third-Party Plaintiff and Defendant EDGAR YACHT MANAGEMENT, INC take nothing by way of the pleadings for the claims for relief alleged therein;

2. Dismissing with prejudice EDGAR YACHT MANAGEMENT, INC.,'s cross claim;

3. Granting KAEMPFER indemnity and contribution from EDGAR YACHT MANAGEMENT, INC., for any liability he may have to Plaintiff.

4. Declaring that KAEMPFER has no obligation with respect to any claims or parties included in the subject matter of or arising out of the within litigation or any other claims;

5. Awarding KAEMPFER costs and attorneys' fees incurred in this action to the full extent allowed by law; and

6 Awarding KAEMPFER such other and further relief as this Court deems just and proper.

Dated: February 2, 2006

Yours, etc.

By: ______________________

Francis J. Flanagan
Sayer, Regan, Thayer & Flanagan
Attorneys for Third-Party Defendant
J.W. KAEMPFER
130 Bellevue Avenue
Newport, Rhode Island 02840

Lawrence B. Brennan, Esq.
Christine A. Civitano, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Third-Party Defendant
J.W. KAEMPFER
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

TO: Norman A. Peloquin, II, Esq.
SAUNDERS & SAUNDERS
Attorneys for Defendant
EDGAR YACHT MANAGEMENT, INC.
700 Pleasant Street
New Bedford, MA 02740
(508) 999-5400

Frederick A. Lovejoy
LOVEJOY & ASSOCIATES
Attorneys for Defendant and
Third-Party Plaintiff
LOLA MARINE, LTD.
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747

Justin T. Shay
Charles S. Beal
CAMERON & MITTLEMAN, LLP
Attorneys for Plaintiff
JACQUELINE BOTTEGA
56 Exchange Terrace
Providence, RI 02903
(401)331-5700

Gregory D. Bellantone
EDLEMAN, KRASIN & JAYE, PLLC
Attorneys for Plaintiff
JACQUELINE BOTTEGA
One Old County Road
Suite 210
Carle Place, New York 11814
(516)742-9200