IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAQUELINE BOTTEGA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM B. HALSTEAD, EDGAR YACHT MANAGEMENT, INC., and LOLA MARINE LTD.<br><br>Defendants. | CIVIL ACTION NO. NC 04-323ML |
| LOLA MARINE, LTD.,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>J.W. KAEMPFER,<br><br>Third-Party Defendant. | |

**ANSWER TO CROSS-CLAIM OF J.W. KAEMPFER**
**AND CROSS-CLAIM AGAINST J.W. KAEMPFER**

NOW COMES defendant, Edgar Yacht Management, Inc., (hereinafter referred to as "Edgar"), by its attorneys, and for its answer to the Cross-Claim of defendant, J. W. Kaempfer, dated February 2, 2006 (hereinafter referred to as "Cross Claim"), states, upon information and belief, as follows:

[Factual Allegations]

1. Edgar repeats and reiterates its responses, affirmative defenses and counter-allegations to the allegations contained in its Answer and Cross-Claim to the Amended Complaint, dated September 30, 2004, with the same force and effect as if set forth at length herein.

2. Edgar denies the truth of the allegations contained in the Second Paragraph of the Cross Claim.

3. Edgar denies the truth of the allegations contained in the Third Paragraph of the Cross Claim.

4. Edgar denies the truth of the allegations contained in the Fourth Paragraph of the Cross Claim.

5. Edgar admits the truth of the allegations contained in the Fifth Paragraph of the Cross-Claim.

6. Edgar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Sixth Paragraph of the Cross-Claim, and therefore calls upon the third-party defendant to prove same.

7. To the extent that a response is required, Edgar admits that he has appeared in this action through counsel of record.

<u>Cross-Claim</u>

8. Edgar repeats its responses to the allegations contained in the First through Seventh Paragraphs of the Cross-Claim as if fully re-stated herein.

9. To the extent that the allegations and conclusions of law contained in the Ninth Paragraph of the Cross-Claim seek to impose liability upon Edgar, this defendant denies same.

<u>Affirmative Defenses</u>

Edgar incorporates the following affirmative defenses into each and every paragraph contained in its Answer to the Cross-Claim:

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that the Cross-Claim must be dismissed for lack of personal jurisdiction over Edgar.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that the Cross-Claim must be dismissed for improper venue.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that the Cross-Claim must be dismissed for failure to state claims upon which relief can be granted.

AND FURTHER ANSWERING, AS A COMPLETE AND SEPARATE DEFENSE, if plaintiff sustained any injuries, which is specifically denied, said injuries were caused or contributed by the acts or omissions of third parties for whom this defendant is not legally responsible, namely Lola Marine, Ltd. and/or J. W. Kaempfer, or their respective employees and agents, among others.

AND FURTHER ANSWERING, AS A COMPLETE AND SEPARATE DEFENSE, if J. W. Kaempfer is found to be a non-citizen of the United States, then the underlying charter party is illegal and void *ab initio* and does not divest Lola Marine, Ltd. of liability as owner of the vessel.

<u>Cross-Claim Against J.W. Kaempfer</u>

Defendant, Edgar Yacht Management, Inc., makes this cross-claim against third-party defendant, J. W. Kaempfer, and alleges as follows:

1. Defendant, Edgar Yacht Management, Inc., repeats and reiterates its responses, affirmative defenses and counter-allegations to the allegations contained in its Answer and Cross-Claim to the Amended Complaint, dated September 30, 2004, as well as its Answer to the Cross-Claim of defendant, J. W. Kaempfer, dated February 2, 2006, with the same force and effect as if set forth at length herein.

2. Edgar Yacht Management, Inc. is a trade name for Robert Edgar, an individual and domiciliary of the State of North Carolina, with his residence located at 102 Inlet Drive, Wilmington, North Carolina 28405 (hereinafter referred to collectively as "Edgar"). At all times material hereto, the said Robert Edgar was in the employ of Lola Marine, Ltd. (hereinafter referred to as "Lola Marine") and/or J. W. Kaempfer as Master of the vessel LOLA.

3. Defendant, J. W. Kaempfer, is an individual and resident of the District of Columbia and the United Kingdom (hereinafter referred to as "Kaempfer").

4. On July 6, 2001, Lola Marine entered into a charter agreement with Kaempfer under the terms of which Lola agreed to hire the vessel LOLA to Kaempfer for a fixed term of ten (10) days beginning on August 10, 2001.

5. At all times material hereto, plaintiff, Jaqueline Bottega, was in the employ of Lola Marine and/or Kaempfer as a member of the crew of the vessel LOLA, which was then under charter to Kaempfer, and owned, operated and controlled by the said Lola Marine, its agents or servants.

6. On or about August 18, 2001, while the aforesaid vessel was on navigable waters in the State of Maine, plaintiff was injured in the course of her employment.

7. At all times material hereto, defendant Edgar was neither the vessel's owner *pro hac vice* nor plaintiff's employer for the purposes of recovery under the Jones Act, 46 U.S.C. §688.

8. Plaintiff's injuries were not caused by the negligence of defendant Edgar or anyone for whom it is responsible.

9. By reason of the foregoing premises, if any liability should be adjudged and imposed upon defendant Edgar, then the said defendant is entitled to full indemnity, or contribution, from third-party defendant Kaempfer, together with its costs and disbursements of this action, including reasonable attorneys' fees.

WHEREFORE, defendant, Edgar Yacht Management, Inc., respectfully prays that:

i. Judgment enter in its favor dismissing the Amended Complaint and Cross-Claims herein of defendant, Lola Marine, Ltd. and third-party defendant, J. W. Kaempfer, and awarding its costs and disbursements of this action, including reasonable attorneys' fees;

ii. In the alternative, judgment enter in its favor over and against defendant, J.W. Kaempfer, for full indemnity to the extent of any liability of defendant Edgar to plaintiff, or for contribution, together with its costs and disbursements, including reasonable attorneys' fees; and

iii. Such other and further relief as this Honorable Court deems just and proper.

Dated: February 13, 2006

Respectfully submitted,

EDGAR YACHT MANAGEMENT, INC.
By its Attorneys,
SAUNDERS & SAUNDERS, LLP

Norman A. Peloquin, II (R. I. Bar No. 4146)
Of Counsel, Saunders & Saunders, LLP
16 Main Road, P.O. Box 65
Adamsville, RI 02801
Tel. (401) 635-9100
Fax (401) 635-9125

Certificate of Service

I hereby certify that on the 13th day of February, 2006, I served a true copy of the forgoing document upon counsel of record by mailing same, first class, postage prepaid, to: Justin T. Shay, Cameron & Mittleman, LLP, 56 Exchange Terrace, Providence, RI 02903; Gregory D. Bellantone, *pro hac vice*, Edelman, Krasin & Jaye, PLLC, One Old County Road, Suite 210, Carle Place, NY 11514; Frederick A. Lovejoy, 1536 Westminster Street, Providence, RI 02909; Francis J. Flanagan, Sayer, Regan, Thayer & Flanagan, 130 Bellevue Avenue, Newport, RI 02840; and Lawrence B. Brennan, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 150 East 42nd Street, New York, NY 10017.

Attorney at Law