**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

SCANNED

----------------------------------------------------------------------------X

**JACQUELINE BOTTEGA,**

**Plaintiff,**

**CIVIL ACTION**
**No. 04-323 (MML)(DLM)**

**v.**

**WILLIAM B. HALSTEAD,**
**EDGAR YACHT MANAGEMENT, INC., and**
**LOLA MARINE LTD.,**

**Defendants**

----------------------------------------------------------------------------X

**LOLA MARINE, LTD.,**

**Third-Party Plaintiff,**

**v.**

**J.W. KAEMPFER.**

**Third-Party Defendant.**

----------------------------------------------------------------------------X

## IMMEDIATE HEARING REQUESTED

### AFFIDAVIT AND CERTIFICATION OF FRANCIS J. FLANAGAN IN SUPPORT OF THIRD-PARTY DEFENDANT J.W. KAEMPFER'S MOTION SEEKING A PROTECTIVE ORDER AND TO QUASH LOLA MARINE, LTD.'S DISCOVERY DEMANDS

1. I, FRANCIS J. FLANAGAN am a member in good standing of the Bar of this Court and a member of the firm of SAYER, REGAN, THAYER & FLANAGAN, attorneys for THIRD-PARTY DEFENDANT J.W. KAEMPFER (hereinafter referred to as "KAEMPFER"). I submit this affidavit and certification based on personal knowledge and documents in my files, in support of THIRD-PARTY DEFENDANT J.W. KAEMPFER'S motion seeking a protective order and motion to quash LOLA MARINE, LTD.'s (hereinafter "LOLA") discovery demands.

Based upon the Report and Recommendation of Magistrate Judge Martin, the following facts are known to me:

2. This is an action pursuant to the Jones Act, 46 USC App. § 688 and the Court's admiralty and maritime jurisdiction. Plaintiff Jacqueline Bottega allegedly was injured on August 18, 2001, while employed as a member of the crew of S/V LOLA, owned by LOLA MARINE, LTD.

3. In February 2001, plaintiff was hired as a stewardess by Robert Edgar, the captain of S/V LOLA. During the time she was employed as a member of the crew, plaintiff was paid by Defendant Edgar Yacht Management.

4. In July 2001, LOLA MARINE, LTD chartered the vessel to third party defendant J.W. KAEMPFER for the period August 10-20, 2001.

5. The Yacht Charter Agreement, Exhibit 1, calls for arbitration between LOLA and KAEMPFER which states: "Any controversy or claims arising out of, or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, said arbitration to be held in the City and State of Owner's residence, unless another place is generally agreed upon. Judgment upon and award reached by the Arbitrator(s) may be ordered in any court of said state having jurisdiction."

6. Plaintiff commenced this action on August 13, 2004.

7. On August 1, 2005, LOLA impleaded KAEMPFER, after the July 21, 2005 decision of Magistrate Judge Martin, which estopped LOLA from arguing that it was not the plaintiff's employer.

8. In January 2006, this Court ordered mediation for March 9, 2006 and modified discovery for the purpose of the mediation.

9. After the conference, LOLA propounded Request for Admissions, Exhibit 2, to KAEMPFER which called for legal conclusions.

10. On February 9, 2006, KAEMPFER filed its answer and counter-claims in this action asserting the arbitration clause as both an affirmative defense and counter-claim. KAEMPFER also requested that this Court compel arbitration pursuant to the above terms.

11. On February 14, 2006, KAEMPFER received interrogatories, Exhibit 3, from LOLA, which does not seek information pertinent to mediation, as the Court previously instructed.

12. Although KAEMPFER has begun drafting responses to the interrogatories, the cost and efforts exhausted in responding have distracted KAEMPFER from concentrating on resolving this matter at mediation.

13. On February 21, 2006, KAEMPFER duly responded to the Request for Admission.

14. On February 21, 2006, LOLA contacted KAEMPFER's New York counsel, Lawrence B. Brennan, seeking an agreement to move the mediation. KAEMPFER was willing to agree, if LOLA was willing to agree either that the responses to the discovery demands would be without prejudice to KAEMPFER's right to proceed to arbitration pursuant to the Federal Arbitration Act or the date for the responses were adjourned until after the mediation in early March.

15. LOLA would not agree, forcing KAEMPFER to make this motion for a protective order to quash the discovery demands.

16. On or about February 22, 2006 KAEMPFER discovered that LOLA had modified LOLA's service of process protocol regarding, apparently, one specific document. It was discovered that LOLA had not served KAEMPFER'S attorneys at Wilson Elser Moskowitz Edelman & Dicker a copy of LOLA's Request For Production of Documents, Exhibit 4, to KAEMPFER. Said Request for Production of Documents requires documents to be produced by KAEMPFER on or about March 2, 2006. This LOLA service was unlike any other LOLA service prior to or after said service in which LOLA had, and has continued to, serve both KAEMPFER attorneys of record.

17. KAEMPFER has not propounded any discovery demands on LOLA.

18. Here proper circumstances for the exercise of the Court's discretion to move discovery exists because the discovery demands propounded by LOLA would force KAEMPFER to proceed inconsistently with its intent to proceed to arbitration or risk a waiver of arbitration.

19. Thus, KAEMPFER seeks an immediate hearing lasting approximately one hour and a protective order quashing LOLA's discovery demands. Alternatively, should the Court determine that responses are necessary, KAEMPFER will timely file responses without prejudice to its right to proceed to arbitration.

20. KAEMPFER understands that arbitration would only be between KAEMPFER and LOLA and that he would remain a party to the underlying litigation. As previously stated, KAEMPFER is willing to participate at the Court-ordered mediation scheduled for March 9, 2006.

21. The attached motion is made in good faith after trying unsuccessfully to resolve this issue with LOLA's counsel.

Dated: February 24, 2006
Newport, Rhode Island

Francis J. Flanagan

Subscribed and sworn to before me this 24th day of February, 2006.

Kelly Martin
Notary Public Kelly Martin
My Commission Expires: 12/24/08