UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------------------------X

**JACQUELINE BOTTEGA,**

**Plaintiff,**

**v.**

**WILLIAM B. HALSTEAD,**
**EDGAR YACHT MANAGEMENT, INC., and**
**LOLA MARINE LTD.**

**Defendants**

---------------------------------------------------------------------------X

**LOLA MARINE, LTD.,**

**Third-Party Plaintiff,**

**v.**

**J.W. KAEMPFER.**

**Third-Party Defendant.**

---------------------------------------------------------------------------X

**CIVIL ACTION**
**No. 04-323 (MML)(DLM)**

**THIRD-PARTY DEFENDANT J.W. KAEMPFER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN *LIMINE* TO PRECLUDE THIRD-PARTY PLAINTIFF FROM CALLING ANY EXPERTS AS WELL AS FACTUAL WITNESSES**

NOW comes Third-Party Defendant, J.W. KAEMPFER ("KAEMPFER"), by and through his attorneys, SAYER, REGAN, THAYER & FLANAGAN, and respectfully submits this memorandum of law pursuant to Rule 37(c) of the Federal Rules of Civil Procedure and Rule 39.3 of the Local Rules of the District of Rhode Island, in support of his motion *limine* to preclude Third-Party Plaintiff, LOLA MARINE, LTD. ("LOLA MARINE"), from calling any experts as well as factual witnesses from testifying at trial because these witnesses were never identified in Third-Party Plaintiff's Rule 26(a) disclosures [Exhibit A]. Accordingly, these

witnesses should be precluded from testifying because of Third-Party Plaintiff's failure to disclose.

## PRELIMINARY STATEMENT

Third-Party Plaintiff's experts were required to be disclosed by December 22, 2006. [Exhibit B]. Not only did Third-Party Plaintiff fail to disclose its expert witness, but it also failed to identify its factual witnesses, which prevented the parties from conducting any discovery in this regard. Pursuant to Fed. R. Civ. Pro. 37(c)(1), LOLA MARINE shall not be permitted to use their testimony at a trial. Thus, KAEMPFER respectfully requests this Court grant his motion in *limine* to preclude Third-Party Plaintiff, LOLA MARINE, from calling any experts as well as factual witness from testifying at trial.

## STATEMENT OF FACTS

LOLA MARINE filed its Fed. R. Civ. Proc. 26(a)(1) disclosures on February 22, 2006 and failed to identify any expert as well as factual witness as required by the rules of this Court. Moreover, Third-Party Plaintiff's experts were required to be disclosed by December 22, 2006.

## ARGUMENT

Fed. R. Civ. Proc. 26(a) requires the parties to designate the persons whose testimony they may present as substantive evidence at trial, whether in person or by deposition. Moreover, Fed. R. Civ. Pro 26(a)(2)(B) provides, in pertinent part, that the disclosure of the identity of an expert witness shall "be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions . . . ." Such a disclosure must

be supplemented if the party later learns that it is incomplete and if the additional information has not otherwise been made known to the other parties. Fed. R. Civ. Pro. 26(e)(1). The purpose of this rule is to allow the parties "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Evid. 26(e)(1) advisory committee's note. *Piester v. IBM*, 929 F. Supp. 595, 599 (D.R.I. 1996).

In the course of discovery, LOLA MARINE not only failed to disclose its expert witnesses, but its also failed to disclose its factual witnesses. Additionally, Fed. R. Civ. Proc. 37(c)(1) provides that only persons so listed may be used at trial. Fed. R. Civ. Pro. 37(c)(1) also provides, in pertinent part that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness or information not so disclosed. . . ." *Piester, supra*. The existence of LOLA MARINE's witnesses were certainly known to third-party plaintiff well in advance of the close of discovery and LOLA MARINE could have amended or supplemented its initial Fed. R. Civ. Proc. 26 disclosures to identify these witnesses at numerous opportunities.

In *Morris Graphics, Inc. V. Casey Printing, Inc.*, 1999 U.S. Dist. LEXIS 16221 (D.R.I. 1999), the Magistrate Judge Lovegreen recommended precluding defendant, printing press purchaser, from presenting expert witness testimony at plaintiff vendor's breach of contract trial where defendant failed to fully disclose expert witnesses prior to deposition. Plaintiff propounded interrogatories to defendant. In response, defendant failed to reveal full details regarding expert witnesses it intended to call at trial. Plaintiff moved for discovery sanctions

when defendant presented previously undisclosed expert witnesses at deposition. According to Magistrate Judge Lovegreen:

> The disclosure requirements contained in Rule 26 embody the underlying principle that animates modern discovery doctrine: the parties should be allowed to obtain the fullest possible knowledge of the issues and facts before trial. *Id.* (quoting 8 *C. Wright & A. Miller, Federal Practice and Procedure: Civil* § 2001, at 13. The Court is vested with the discretion to admit or exclude testimony. Id. at 41 (citing *Salem v. United States Lines Co.*, 370 U.S. 31, 35, 8 L. Ed. 2d 313, 82 S. Ct. 1119 (1962); *Apostol v. United States*, 838 F.2d 595, 599 (1st Cir. 1988)). Although the harsh sanction of excluding evidence is most clearly appropriate where bad faith is in issue, it is nonetheless available as a remedy whenever parties fail to follow discovery orders. *Id.*

*Morris Graphics, supra,* 1999 U.S. Dist. LEXIS *13-*14.

Thus, Magistrate Judge Lovegreen recommended granting the motion, holding that where defendant acted in bad faith by failing to comply with the pretrial order and Fed. R. Civ. P. 26(e)(2) as to the disclosure of experts and expert testimony, exclusion of the experts' opinion testimony was warranted since plaintiff was prejudiced where it was denied the opportunity to adequately prepare for the experts' testimony.

Here, LOLA MARINE's failure to identify any experts as well as factual witnesses until the eve of trial, and long after the opportunity to take their testimony and conduct additional discovery creates, the very issue that the rulings and practices of this Court were intended to prevent.

## CONCLUSION

LOLA MARINE failed to disclose its experts as well as factual witnesses. Pursuant to Fed. R. Civ. Pro. 37(c)(1), LOLA MARINE shall not be permitted to use their testimony at a trial. Thus, KAEMPFER respectfully requests this Court grant his motion in *limine* to preclude Third-Party Plaintiff, LOLA MARINE, LTD. ("LOLA MARINE"), from calling any experts as well as factual witnesses from testifying at trial.

Dated: February 20 , 2007
Newport, Rhode Island

Respectfully submitted,

By: __________________________

/s/ Francis J. Flanagan, Esq.
Sayer, Regan, Thayer & Flanagan
Attorneys for Third-Party Defendant
J.W. KAEMPFER
130 Bellevue Avenue
Newport, Rhode Island 02840
Telephone : (401) 849-3040
Facsimile : (401) 849-4330

Lawrence B. Brennan
Christine A. Civitano
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
Telephone: (212) 490-3000
Facsimile: (212)490-3038

**CERTIFICATE OF SERVICE**

I, Francis J. Flanagan, Esq. hereby certify that I caused a *THIRD-PARTY DEFENDANT J.W. KAEMPFER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE* on behalf of *THIRD-PARTY DEFENDANT J.W. KAEMPFER* to be served on the following:

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
Attorneys for Defendant and
Third-Party Plaintiff
LOLA MARINE, LTD.
1536 Westminster Street
Providence, Rhode Island 02909

Justin T. Shay, Esq.
Charles S. Beal, Esq.
CAMERON & MITTLEMAN, LLP
Attorneys for Plaintiff
JACQUELINE BOTTEGA
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
EDLEMAN, KRASIN & JAYE, PLLC
Attorneys for Plaintiff
JACQUELINE BOTTEGA
One Old County Road
Suite 210
Carle Place, New York 11814
(516)742-9200

Norman A. Peloquin, II, Esq.
SAUNDERS & SAUNDERS
Attorneys for Defendant
EDGAR YACHT MANAGEMENT, INC.
700 Pleasant Street
New Bedford, MA 02740

______________________________
/s/ FRANCIS J. FLANAGAN, ESQ.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-------------------------------------------------------------X

JACQUELINE BOTTEGA,
Plaintiff,

v.

EDGAR YACHT MANAGEMENT, INC., and
LOLA MARINE LTD.,
Defendants.

-------------------------------------------------------------X

LOLA MARINE, LTD.,
Third-Party Plaintiff,

v.

J. W. KAEMPFER,
Third-Party Defendant.

-------------------------------------------------------------X

CIVIL ACTION
No. 04-323ML

February 22, 2006

DEFENDANT/THIRD-PARTY PLAINTIFF LOLA MARINE, LTD.'S DISCLOSURES PURSUANT TO RULE 26(A)(1)

Defendant/Third-Party Plaintiff Lola Marine, Ltd. by their attorneys make the following initial disclosures pursuant to Rule 26(a)(1):

A. Persons having knowledge:

Robert Edgar
(address unknown)

J.W. Kaempfer
c/o The Kaempfer Company
1501 K Street, N.W., Suite 300
Washington, D.C. 20005

Jacqueline Bottega
18 Shorewood Lane
Centerport, New York 11721

Little Harbor
Crewed Yacht Charters Division
One Little Harbor Landing
Portsmouth, Rhode Island 02871

Five members of his family and/or guests of J.W. Kaempfer
(names and addresses unknown)

Third crewmember
(name and address to be supplied)

Various Medical Providers of Jacqueline Bottega

B. Categories of Documents:

Insurance Policies

Medical Records

Bareboat Charter Policy

Yacht Employment Agreement

C. Computation of Damages:

1. All damages accessed against plaintiff Lola Marine, Ltd., which it is entitled to compensation from Edgar Yacht Management, Inc. or J.W. Kaempfer.

2. All payments inadvertently made to plaintiff and its expenses, costs, and attorneys fees.

D. Insurance:

1. The S/V LOLA was insured by a policy issued by Atlantic Mutual Insurance Company.

2. J.W. Kaempfer, the owner pro hac vice, of the S/V LOLA was insured by Royal & Sun Alliance Insurance Company.

Defendant/Third-Party Plaintiff Lola Marine, Ltd. reserves its right to amend/supplement this disclosure should additional information become available through discovery or otherwise.

Dated: Providence, Rhode Island
February 22, 2006

Lovejoy & Associates
Attorneys for Defendant,
Lola Marine, Ltd.

By: ____________________
Frederick A. Lovejoy (Fed. Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

BottegaInitialDisclosure.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on February 22, 2006, postage prepaid, to:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
Edelman, Krasin & Jaye, PLLC
Suite 210
One Old country Road
Carle Place, NY 11514

Norman A Peloquin, II, Esq.
Saunders & Saunders, LLP
700 Pleasant Street
New Bedford, Massachusetts 02740

Lawrence Brennan, Esq.
Wilson Elser Moskowitz Edelman & Dicker
150 E 42nd Street Floor 19
New York, New York 10017-5639

Francis J. Flanagan, Esq.
Sayer Regan Thayer & Flanagan
130 Bellevue Avenue
Unit 2
Newport, Rhode Island 02840-7424

Frederick A. Lovejoy

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------X

JACQUELINE BOTTEGA,
Plaintiff,

v.

EDGAR YACHT MANAGEMENT, INC., and
LOLA MARINE LTD.,
Defendants.

---------------------------------------------------------X

LOLA MARINE, LTD.,
Third-Party Plaintiff,

v.

J. W. KAEMPFER,
Third-Party Defendant.

---------------------------------------------------------X

CIVIL ACTION
No. 04-323ML

October 23, 2006

DEFENDANT/THIRD-PARTY PLAINTIFF LOLA MARINE, LTD.'S MOTION FOR EXTENSION OF TIME ON CONSENT OF ALL PARTIES TO DISCLOSE EXPERT WITNESS(ES)

Now comes defendant/third-party plaintiff LOLA Marine, Ltd. and moves this Court, on consent, for an extension to and including December 22, 2006, in which to disclose its expert witnesses and states as follows:

1. That the parties have diligently been exchanging numerous paper discovery requests in this matter served amongst the four parties to this action.

2. That the deposition of plaintiff Jacqueline Bottega has been scheduled on two occasions but had to be postponed at plaintiff's request, the last time being October 20, 2006 because of a personal family matter of plaintiff Jacqueline Bottega.

3. That in place of plaintiff Jacqueline Bottega's deposition being taken on October 20, 2006, the deposition of defendant Robert Edgar was moved up and taken on October 20, 2006.

4. That the third-party defendant J.W. Kaempfer's deposition has been scheduled for November 19, 2006, the first time that he will be available for his deposition in the United States.

5. That plaintiff Jacqueline Bottega's deposition has been rescheduled for November 20, 2006.

6. That while defendant/third-party plaintiff LOLA Marine, Ltd. has provided limited information to its expert witnesses, the expert witnesses have advised that they require some concrete information; i.e., deposition testimony; i.e., deposition transcripts, on which to form and render an expert opinion in this case.

7. The first such transcript will become available about November 7, 2006; i.e., that of Captain Robert Edgar.

8. That Mr. Kaempfer and Ms. Bottega's deposition transcripts will not be available until November 30 – December 5, 2006.

9. That the depositions of both Captain Edgar and Mr. Kaempfer could not be taken earlier because both parties have not been or would not be in the United States until recently.

10. That there remains some documentation that the parties are awaiting from plaintiff Jacqueline Bottega.

11. That this is the first request for an extension of time concerning the scheduling order made by defendant/third-party plaintiff LOLA Marine, Ltd.

12. That the plaintiff Jacqueline Bottega has sought and been granted two extensions of time concerning the scheduling order based on plaintiff's or her counsel's needs (See: Docket No.s: 71, 72, 76 and 77).

13. That this short extension of time is not sought for purposes of delay or harassment.

14. That this request is made so that the experts to be disclosed by defendant/third-party plaintiff LOLA Marine, Ltd. have adequate information/facts in order to comply with the duties imposed on expert witnesses pursuant to Fed. R. Civ. P., Rule 26(a)(2)(B).

Dated: Providence, Rhode Island
October 23, 2006

Lovejoy & Associates
Attorneys for Defendant,
Lola Marine, Ltd.

By: /S/ Frederick A. Lovejoy

Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

SO ORDERED:

______________________
U.S. D.J.

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on October 23, 2006, postage prepaid, to:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
Edelman, Krasin & Jaye, PLLC
Suite 210
One Old country Road
Carle Place, NY 11514

Norman A Peloquin, II, Esq.
Saunders & Saunders, LLP
700 Pleasant Street
New Bedford, Massachusetts 02740

Francis J. Flanagan, Esq.
Sayer Regan Thayer & Flanagan
130 Bellevue Avenue
Unit 2
Newport, Rhode Island 02840-7424

/S/ Frederick A. Lovejoy
Frederick A. Lovejoy