UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------------------------X
**JACQUELINE BOTTEGA,**
**Plaintiff,**

**CIVIL ACTION**
**No. 04-323 (MML)(DLM)**

**v.**

**WILLIAM B. HALSTEAD,**
**EDGAR YACHT MANAGEMENT, INC., and**
**LOLA MARINE LTD.**
**Defendants**
---------------------------------------------------------------------------X
**LOLA MARINE, LTD.,**
**Third-Party Plaintiff,**

**v.**

**J.W. KAEMPFER.**
**Third-Party Defendant.**
---------------------------------------------------------------------------X

**THIRD-PARTY DEFENDANT J.W. KAEMPFER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING ANY EXPERTS AS WELL AS FACTUAL WITNESSES**

NOW comes Third-Party Defendant, J.W. KAEMPFER ("KAEMPFER"), by and through his attorneys, SAYER, REGAN, THAYER & FLANAGAN, and respectfully submits this memorandum of law pursuant to Rule 37(c) of the Federal Rules of Civil Procedure and Rule 39.3 of the Local Rules of the District of Rhode Island, in support of his motion *limine* to preclude Plaintiff, JACQUELINE BOTTEGA ("BOTTEGA"), from calling any experts as well as factual witnesses from testifying at trial because these witnesses were never identified in Plaintiff's Rule 26(a) disclosures [Exhibit A] and Rule 34(b) Responses to KAEMPFER's

Request for Production of Documents [Exhibit B]. Accordingly, these witnesses should be precluded from testifying because of Plaintiff's failure to disclose.

## PRELIMINARY STATEMENT

Plaintiff's experts were required to be disclosed by September 22, 2006 [Exhibit C]. Not only did Plaintiff fail to disclose her expert witness, but she also failed to identify her factual witnesses, which prevented the parties from conducting any discovery in this regard. Pursuant to Fed. R. Civ. Pro. 37(c)(1), Plaintiff shall not be permitted to use their testimony at a trial. Thus, KAEMPFER respectfully requests this Court grant his motion in *limine* to preclude Plaintiff, JACQUELINE BOTTEGA ("BOTTEGA"), from calling any experts as well as factual witness from testifying at trial.

## STATEMENT OF FACTS

Plaintiff failed to identify any expert as well as factual witness in any previous Fed. R. Civ. Proc. 26 disclosure as required by the rules of this Court. Moreover, Plaintiff failed to supplement her Rule 34(b) responses to KAEMPFER's Request for Production of Documents.[1]

## ARGUMENT

Fed. R. Civ. Proc. 26(a) requires the parties to designate the persons whose testimony they may present as substantive evidence at trial, whether in person or by deposition. Moreover, Fed. R. Civ. Pro 26(a)(2)(B) provides, in pertinent part, that the disclosure of the identity of an expert witness shall "be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions;

[1] Plaintiff erroneously named Edgar Yacht Management as the party whose Request for Production of Documents she responding too rather than Kaempfer.

any exhibits to be used as a summary of or support for the opinions . . . ." Such a disclosure must be supplemented if the party later learns that it is incomplete and if the additional information has not otherwise been made known to the other parties. Fed. R. Civ. Pro. 26(e)(1). The purpose of this rule is to allow the parties "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Evid. 26(e)(1) advisory committee's note. *Piester v. IBM*, 929 F. Supp. 595, 599 (D.R.I. 1996).

In the course of discovery, Ms. Bottega not only failed to disclose her expert witnesses, but she also failed to disclose her factual witnesses. Additionally, Fed. R. Civ. Proc. 37(c)(1) provides that only persons so listed may be used at trial. Fed. R. Civ. Pro. 37(c)(1) also provides, in pertinent part that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness or information not so disclosed. . . ." *Piester, supra*. The existence of plaintiff's doctors and witnesses were certainly known to plaintiff well in advance of the close of discovery and plaintiff could have amended or supplemented her initial Fed. R. Civ. Proc. 26 disclosures to identify these witnesses at numerous opportunities and her Rule 34(b) responses to KAEMPFER's Request for Production which sought "all documents Plaintiff may introduce at the trial."

In *Morris Graphics, Inc. V. Casey Printing, Inc.*, 1999 U.S. Dist. LEXIS 16221 (D.R.I. 1999), the Magistrate Judge Lovegreen recommended precluding defendant, printing press purchaser, from presenting expert witness testimony at plaintiff vendor's breach of contract trial where defendant failed to fully disclose expert witnesses prior to deposition. Plaintiff propounded interrogatories to defendant. In response, defendant failed to reveal full details

regarding expert witnesses it intended to call at trial. Plaintiff moved for discovery sanctions when defendant presented previously undisclosed expert witnesses at deposition. According to Magistrate Judge Lovegreen:

> The disclosure requirements contained in Rule 26 embody the underlying principle that animates modern discovery doctrine: the parties should be allowed to obtain the fullest possible knowledge of the issues and facts before trial. *Id.* (quoting 8 *C. Wright & A. Miller, Federal Practice and Procedure: Civil* § 2001, at 13. The Court is vested with the discretion to admit or exclude testimony. Id. at 41 (citing *Salem v. United States Lines Co.*, 370 U.S. 31, 35, 8 L. Ed. 2d 313, 82 S. Ct. 1119 (1962); *Apostol v. United States*, 838 F.2d 595, 599 (1st Cir. 1988)). Although the harsh sanction of excluding evidence is most clearly appropriate where bad faith is in issue, it is nonetheless available as a remedy whenever parties fail to follow discovery orders. *Id.*

*Morris Graphics, supra,* 1999 U.S. Dist. LEXIS *13-*14.

Thus, Magistrate Judge Lovegreen recommended granting the motion, holding that where defendant acted in bad faith by failing to comply with the pretrial order and Fed. R. Civ. P. 26(e)(2) as to the disclosure of experts and expert testimony, exclusion of the experts' opinion testimony was warranted since plaintiff was prejudiced where it was denied the opportunity to adequately prepare for the experts' testimony.

Here, Plaintiff BOTTEGA's failure to identify any experts as well as factual witnesses until the eve of trial, and long after the opportunity to take their testimony and conduct additional discovery creates, the very issue that the rulings and practices of this Court were intended to prevent.

**CONCLUSION**

Plaintiff failed to disclose her experts as well as factual witnesses. Pursuant to Fed. R. Civ. Pro. 37(c)(1), Plaintiff shall not be permitted to use their testimony at a trial. Thus, KAEMPFER respectfully requests this Court grant his motion in *limine* to preclude Plaintiff, JACQUELINE BOTTEGA ("BOTTEGA"), from calling any experts as well as factual witnesses from testifying at trial.

Dated: February 20, 2007
Newport, Rhode Island

Respectfully submitted,

By: ______________________

/s/ Francis J. Flanagan, Esq.
Sayer, Regan, Thayer & Flanagan
Attorneys for Third-Party Defendant
J.W. KAEMPFER
130 Bellevue Avenue
Newport, Rhode Island 02840
Telephone : (401) 849-3040
Facsimile : (401) 849-4330

Lawrence B. Brennan
Christine A. Civitano
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
Telephone: (212) 490-3000
Facsimile: (212)490-3038

**CERTIFICATE OF SERVICE**

I, Francis J. Flanagan, Esq., hereby certify that on February 20, 2007, I caused a copy of *THIRD-PARTY DEFENDANT J.W. KAEMPFER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE* on behalf of *THIRD-PARTY DEFENDANT J.W. KAEMPFER* to be served on the following:

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
Attorneys for Defendant and
Third-Party Plaintiff
LOLA MARINE, LTD.
1536 Westminster Street
Providence, Rhode Island 02909

Justin T. Shay, Esq.
Charles S. Beal, Esq.
CAMERON & MITTLEMAN, LLP
Attorneys for Plaintiff
JACQUELINE BOTTEGA
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
EDLEMAN, KRASIN & JAYE, PLLC
Attorneys for Plaintiff
JACQUELINE BOTTEGA
One Old County Road
Suite 210
Carle Place, New York 11814
(516)742-9200

Norman A. Peloquin, II, Esq.
SAUNDERS & SAUNDERS
Attorneys for Defendant
EDGAR YACHT MANAGEMENT, INC.
700 Pleasant Street
New Bedford, MA 02740

________________________

/s/ Francis J. Flanagan, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---X

JACQUELINE BOTTEGA,

Plaintiff,

CIVIL ACTION
No. 04-323ML

-against-

WILLIAM B. HALSTEAD, EDGAR YACHT MANAGEMENT INC and LOLA MARINE LTD.,

PLAINTIFF'S RULE 26 DISCLOSURE

Defendants.

---X

LOLA MARINE, LTD.,

Third –Party Plaintiff,

-against-

J.W. KAEMPFER,

Third-Party Defendant.

---X

Plaintiffs by her attorneys, EDELMAN, KRASIN & JAYE, PLLC., as and for their Initial Disclosure pursuant to the Rule 26 of the Federal Rules of Civil Procedure, sets forth as follows;

1. **PERSONS HAVING KNOWLEDGE:**

JACQUELINE BOTTEGA
18 Shorewood Lane
Centerport, NY 11721

William Halstead

J.W. Kaempfer – address unknown

Robert Edgar - address unknown

Crew of the S/V Lola

Medical Providers of Jacqueline Bottega

Mark Smieya – Atlantic Mutual Insurance Company

2. **DISCLOSURE OF DOCUMENTS**:

Bank records of the plaintiff

Insurance payments made by Atlantic Mutual Insurance Company

Correspondence from Atlantic Mutual Insurance Company

Medical Records of the plaintiff

W-2 forms of the plaintiff

Photo of the S/V LOLA.

3. **COMPUTATION OF DAMAGES**: Plaintiff seeks general damages, special damages, damages for past and future pain and suffering, damages for past and future lost earnings and future loss of earnings. Upon completion of discovery plaintiff will supplement this disclosure.

4. **INSURANCE INFORMATION**: Not applicable to plaintiff.

Dated: Carle Place, New York
June 26, 2006

Yours, etc.

EDELMAN, KRASIN & JAYE, PLLC
Attorneys for Plaintiff

By: ______________________
GREGORY D. BELLANTONE
One Old Country Road
Carle Place, New York 11514
(516) 742-9200

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served upon all counsel of record, as identified below, on this the day of June, 2006:

GREGORY D. BELLANTONE

LOVEJOY & ASSOCIATES
Attorneys for Defendant and
Third Party Plaintiff
LOLA MARINE
276 Center Road
Easton, Connecticut 06612

SAUNDERS & SAUNDERS
Attorneys for Defendant
EDGAR YACHT MANAGEMENT
700 Pleasant Street
New Bedford, MA 02740

SAYER, REGAN, THAYER & FLANNAGAN
Attorneys for Defendant
J.W. KAEMPFER
130 Bellevue Avenue
Newport, RI 02840

WILSON, ELSER MOSKOWITZ EDELMAN
& DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639

Sworn to before me this
day of June, 2006

NOTARY PUBLIC

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-----------------------------------------------------------------X

**JACQUELINE BOTTEGA,**

Plaintiff,

**-against-**

**EDGAR YACHT MANAGEMENT, INC. and LOLA MARINA LTD.,**

Defendants.

**CIVIL ACTION**
**No.: 04-323 (MML)(DLM)**

-----------------------------------------------------------------X

**LOLA MARINA, LTD.,**

Third-Party Plaintiff,

**-against-**

**J.W. KAEMPFER,**

Third-Party Defendant,

-----------------------------------------------------------------X

Plaintiff, JACQUELINE BOTTEGA, by her attorneys EDELMAN, KRASIN, & JAYE, PLLC files these responses to Defendant, EDGAR YACHT MANAGEMENT, INC., Request for Production of Documents:

**GENERAL OBJECTIONS**

Plaintiffs object to Defendants Request for Production of Documents on the grounds that the requests seek information that is protected by the attorney-client privilege or the attorney work product privilege.

Plaintiffs object to the "Definitions" contained in Defendants Request for Production to the extent they seek to expand or modify the breadth and scope of the or to seek to increase Plaintiffs duties under the Local Rules of the United States District Court of Rhode Island. Subject to and without waiving the objections set forth herein, Plaintiffs will produce non-privileged documents as set forth in its responses as such documents are kept in the ordinary course of business.

**Request No. 1:** **A copy of the personal injury report rendered relative to this occurrence.**

**Response No. 1**: Plaintiff objects to this demand as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, ambiguous, vague and seeks information already adopted by the Court. However, subject to and notwithstanding said objection, plaintiff responds as follows: Plaintiff has previously provided authorizations for the defendants to obtain plaintiff's tax returns.

**Request No. 2:** **Plaintiff's earnings records while in defendant's employ.**

**Response No. 2**: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided bank records for the period of April through September of 2001.

**Request No. 3:** **All documents concerning any other vessel worked on or operated or managed by Plaintiff.**

**Response No. 3**: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided copies of her W-2 Statements for the period of 1997, 1999, 2000 and 2003 and authorizations for her tax Federal Tax returns on April 10, 2006. Additionally, plaintiff has previously provided her bank records for the period of April through September of 2001.

**Request No. 4:** **All documents concerning the education, licensing, training or qualifications of Plaintiff including but not limited to completion of safety, navigation, training, bridge management or similar courses.**

**Response No. 4**: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

**Request No. 5:** **All documents, including but not limited to, internal reports, white papers, lessons learned, correspondence, email or electronic information or media, memoranda, notes or communications concerning Jacqueline Bottega's injury suffered on August 18, 2001.**

**Response No. 5**: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided all documents responsive to this request on February 10, 2006 and April 10, 2006.

**Request No. 6:** **All documents, statements and reports to local, state or federal authorities or governmental bodies or hospitals or Emergency Medical Services concerning Jacqueline Bottega's injury suffered on August 18, 2001.**

**Response No. 6**: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided hospital records.

**Request No. 7:** **All medical reports, treatment or insurance payment recorded concerning Plaintiff Jacqueline Bottega.**

**Response No. 7**: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided all documents responsive to this request on

February 10, 2006 and April 10, 2006. This information is in the possession of plaintiff, JOHES ACT EMPLOYER, LOLA MARINA, LTD.

<u>Request No. 8:</u> **Copies of any pre-employment medical/physical examination report relating to plaintiff.**

<u>Response No. 8</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 9:</u> **All documents concerning previous incidents involving any claim, inquiry, or other incident since January 1, 1994.**

<u>Response No. 9</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 10:</u> **A copy of any statements signed by Plaintiff.**

<u>Response No. 10</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 11:</u> **All medical records, reports of treating physicians and/or examining physicians, x-ray reports, hospital charges, drug charges, physicians charges or statements and any other documents regarding treatment, examination or hospitalization of the plaintiff for the injuries allegedly sustained in the incident referred to in the complaint or regarding anyo other injuries wherever sustained.**

<u>Response No. 11</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided all documents responsive to this request on February 10, 2006 and April 10, 2006.

<u>Request No. 12:</u> **Any statements or records made by plaintiff in connection with the incident or injuries alleged in the complaint.**

<u>Response No. 12</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 13:</u> **Any statement made by any person and having to do in any manner with the alleged occurrence out of which this lawsuit arose, whether such statement be handwritten, recorded, taken stenographically, or otherwise.**

<u>Response No. 13</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 14:</u> **A summary of any oral statement made by any person and having to do with the alleged occurrence of which this loss arose.**

<u>Response No. 14</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 15:</u> **All photographs, charts, and similar illustrative matter having anything to do with the alleged occurrence of which this loss arose.**

<u>Response No. 15</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 16:</u> **All x-rays, hospital records, and medical reports including doctors' reports, having to do with or in any way describing the injury alleged to have been received by plaintiff in the alleged occurrence out which this lawsuit arose.**

<u>Response No. 16</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided all documents responsive to this request on February 10, 2006 and April 10, 2006.

<u>Request No. 17:</u> **To the extent not requested above, all documents concerning the subject matter of and/or the facts underlying this action that are not otherwise responsive to the foregoing document requests.**

<u>Response No. 17</u>: Plaintiffs object to this Request on the grounds that it is over broad and unduly burdensome.

<u>Request No. 18:</u> **All documents Plaintiff may introduce as evidence at the trial of this action.**

<u>Response No. 18</u>: Plaintiffs object to this Request on the grounds that it is over broad and unduly burdensome. Plaintiff has not yet made a determination as to what evidence she will be introducing at the time of trial.

Dated: Carle Place, New York
July 13, 2006

Yours, etc.,

**EDELMAN, KRASIN & JAYE, PLLC**
Attorneys for Plaintiff

By: ______________________
GREGORY D. BELLANTONE, ESQ.
Office and P.O. Address
One Old Country Road
Carle Place, New York 11514
(516) 742-9200
EKJ-1110 (km)

TO: WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
BY: LAWRENCE B. BRENNAN, ESQ.
BY: CHRISTINE A. CIVITANO, ESQ.
Attorneys for Third-Party Defendant
J.W. KAEMPFER
150 East 42nd Street
New York, New York 10017-5639

FRANCIS J. FLANAGAN, ESQ.
SAYER, REGAN, THAYER & FLANAGAN
130 Bellevue Avenue
Newport, Rhode Island 02840

JUSTIN T. SHAY, ESQ.
CAMERON & MITTLEMAN
56 Exchange Terrace
Providence, Rhode Island 02903

NORMAN A. PELOQUIN, II, ESQ.
SAUNDERS & SAUNDERS, LLP
700 Pleasant Street
New Bedford, Massachusetts 02740

LOVEJOY & ASSOCAITES
Attorneys for Defendant and
Third Party Plaintiff
LOLA MARINE
276 Center Road
Easton, Connecticut 06612

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on July 13, 2006, postage prepaid to:

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
BY: LAWRENCE B. BRENNAN, ESQ.
BY: CHRISTINE A. CIVITANO, ESQ.
Attorneys for Third-Party Defendant
J.W. KAEMPFER
150 East 42nd Street
New York, New York 10017-5639

FRANCIS J. FLANAGAN, ESQ.
SAYER, REGAN, THAYER & FLANAGAN
130 Bellevue Avenue
Newport, Rhode Island 02840

JUSTIN T. SHAY, ESQ.
CAMERON & MITTLEMAN
56 Exchange Terrace
Providence, Rhode Island 02903

NORMAN A. PELOQUIN, II, ESQ.
SAUNDERS & SAUNDERS, LLP
700 Pleasant Street
New Bedford, Massachusetts 02740

LOVEJOY & ASSOCAITES
Attorneys for Defendant and
Third Party Plaintiff
LOLA MARINE
276 Center Road
Easton, Connecticut 06612

GREGORY D. BELLANTONE, ESQ.









UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAQUELINE BOTTEGA, :
Plaintiff :
:
v. : C.A. No. 04-323ML
:
WILLIAM B. HALSTEAD, EDGAR :
YACHT MANAGEMENT, INC. and :
LOLA MARINE LTD., :
Defendants :

---

LOLA MARINE, LTD, :
Third Party Plaintiff, :
:
v. :
:
J.W. KAEMPFER, :
Third Party Defendant :

**MOTION TO EXTEND TIME TO COMPLETE DISCOVERY**

Now come the plaintiff, Jaqueline Bottega, in the above entitled matter and, pursuant to Fed R. Civ. P. 6(b), moves this Honorable Court for an order modifying the Pre-Trial Order issued by the Court on January 30, 2006.

Plaintiff respectfully requests that the Court extend the parties time to serve their expert disclosure pursuant to Rule 26 as follows: Plaintiffs to disclose her experts by September 22, 2006, and the defendants to serve their expert disclosure by October 22, 2006. Plaintiff also requests that all discovery be closed by November 22, 2006, and that all dispositive motions be filed by December 15, 2006.

Plaintiff makes this application because the parties had participated in two mediation sessions with the Honorable Robert W. Lovegreen, in an attempt to settle this matter, on March 9, 2006 and April 27, 2006 respectfully. Unfortunately, the parties were unable to reach

an agreement, and no discovery was conducted during that time. The parities have been engaging in documentary discovery and anticipate that the depositions of all the parties will be completed during the month of September.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enlarge the time within which the parties may complete discovery in this case.

Date: August 24, 2006

Carle Place, New York

EDELMAN, KRASIN & JAYE, PLLC
Attorneys for Plaintiff

By: /S/ Gregory D. Bellantone
GREGORY D. BELLANTONE
New York Bar No. 2381101
One Old Country Road, Suite 210
Carle Place, New York 11514
(516) 742-9200

/S/ Justin T. Shay
JUSTIN T. SHAY #2781
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence RI 02903
(401) 331-5700

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2006, a true copy of the within was sent, via e-mail, to the following:

Frederick A. Lovejoy, Esquire
Lovejoy & Associates
Attorneys for Defendant, Lola Marine
1536 Westminster Street
Providence, RI 02909
*lovejoyadm@aol.com*

Norman Peloquin, Esquire
Saunders & Saunders, LLP
Attorneys for Defendant Edgar Yacht M Management
P.O. Box 65
Adamsville, RI 02801
*peloquin@sealaw.net*

Lawrence B. Brennan, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP; Attorneys for Third Party Defendant, J.W. Kaempfer
150 East 42nd Street
New York, New York 10017
*brennanl@wemed.com*

Francis J. Flanagan, Esq.
Sayer, Regan Thayer & Flanagan
130 Bellevue Avenue
Newport, RI 02840
*fflanagan@srt-law.com*

/S/ Justin T. Shay, Esquire

G:\cmc\Bottega\pldgs\Motion to extend time to complete discovery.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------------X

**JACQUELINE BOTTEGA,**

Plaintiff,

**-against-**

**EDGAR YACHT MANAGEMENT, INC. and LOLA MARINA LTD.,**

Defendants.

---------------------------------------------------------------X

**CIVIL ACTION No.: 04-323 (MML)(DLM)**

**LOLA MARINA, LTD.,**

Third-Party Plaintiff,

**-against-**

**J.W. KAEMPFER,**

Third-Party Defendant,

---------------------------------------------------------------X

Plaintiff, JACQUELINE BOTTEGA, by her attorneys EDELMAN, KRASIN, & JAYE, PLLC files these responses to Defendant, EDGAR YACHT MANAGEMENT, INC., Request for Production of Documents:

**GENERAL OBJECTIONS**

Plaintiffs object to Defendants Request for Production of Documents on the grounds that the requests seek information that is protected by the attorney-client privilege or the attorney work product privilege.

Plaintiffs object to the "Definitions" contained in Defendants Request for Production to the extent they seek to expand or modify the breadth and scope of the or to seek to increase Plaintiffs duties under the Local Rules of the United States District Court of Rhode Island. Subject to and without waiving the objections set forth herein, Plaintiffs will produce non-privileged documents as set forth in its responses as such documents are kept in the ordinary course of business.

**Request No. 1:** **A copy of the personal injury report rendered relative to this occurrence.**

**Response No. 1:** Plaintiff objects to this demand as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, ambiguous, vague and seeks information already adopted by the Court. However, subject to and notwithstanding said objection, plaintiff responds as follows: Plaintiff has previously provided authorizations for the defendants to obtain plaintiff's tax returns.

**Request No. 2:** **Plaintiff's earnings records while in defendant's employ.**

**Response No. 2:** Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided bank records for the period of April through September of 2001.

**Request No. 3:** **All documents concerning any other vessel worked on or operated or managed by Plaintiff.**

**Response No. 3:** Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided copies of her W-2 Statements for the period of 1997, 1999, 2000 and 2003 and authorizations for her tax Federal Tax returns on April 10, 2006. Additionally, plaintiff has previously provided her bank records for the period of April through September of 2001.

**Request No. 4:** **All documents concerning the education, licensing, training or qualifications of Plaintiff including but not limited to completion of safety, navigation, training, bridge management or similar courses.**

**Response No. 4:** Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

**Request No. 5:** **All documents, including but not limited to, internal reports, white papers, lessons learned, correspondence, email or electronic information or media, memoranda, notes or communications concerning Jacqueline Bottega's injury suffered on August 18, 2001.**

**Response No. 5:** Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided all documents responsive to this request on February 10, 2006 and April 10, 2006.

**Request No. 6:** **All documents, statements and reports to local, state or federal authorities or governmental bodies or hospitals or Emergency Medical Services concerning Jacqueline Bottega's injury suffered on August 18, 2001.**

**Response No. 6:** Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided hospital records.

**Request No. 7:** **All medical reports, treatment or insurance payment recorded concerning Plaintiff Jacqueline Bottega.**

**Response No. 7:** Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided all documents responsive to this request on

February 10, 2006 and April 10, 2006. This information is in the possession of plaintiff, JOHES ACT EMPLOYER, LOLA MARINA, LTD.

<u>Request No. 8:</u> **Copies of any pre-employment medical/physical examination report relating to plaintiff.**

<u>Response No. 8</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 9:</u> **All documents concerning previous incidents involving any claim, inquiry, or other incident since January 1, 1994.**

<u>Response No. 9</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 10:</u> **A copy of any statements signed by Plaintiff.**

<u>Response No. 10</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 11:</u> **All medical records, reports of treating physicians and/or examining physicians, x-ray reports, hospital charges, drug charges, physicians charges or statements and any other documents regarding treatment, examination or hospitalization of the plaintiff for the injuries allegedly sustained in the incident referred to in the complaint or regarding anyo other injuries wherever sustained.**

<u>Response No. 11</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided all documents responsive to this request on February 10, 2006 and April 10, 2006.

<u>Request No. 12:</u> **Any statements or records made by plaintiff in connection with the incident or injuries alleged in the complaint.**

<u>Response No. 12</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 13:</u> **Any statement made by any person and having to do in any manner with the alleged occurrence out of which this lawsuit arose, whether such statement be handwritten, recorded, taken stenographically, or otherwise.**

<u>Response No. 13</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 14:</u> **A summary of any oral statement made by any person and having to do with the alleged occurrence of which this loss arose.**

<u>Response No. 14</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 15:</u> **All photographs, charts, and similar illustrative matter having anything to do with the alleged occurrence of which this loss arose.**

<u>Response No. 15</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff is not in possession of any such documents.

<u>Request No. 16:</u> **All x-rays, hospital records, and medical reports including doctors' reports, having to do with or in any way describing the injury alleged to have been received by plaintiff in the alleged occurrence out which this lawsuit arose.**

<u>Response No. 16</u>: Plaintiff objects to this Request on the grounds that it is over broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks information which reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, plaintiff has previously provided all documents responsive to this request on February 10, 2006 and April 10, 2006.

<u>Request No. 17:</u> **To the extent not requested above, all documents concerning the subject matter of and/or the facts underlying this action that are not otherwise responsive to the foregoing document requests.**

<u>Response No. 17</u>: Plaintiffs object to this Request on the grounds that it is over broad and unduly burdensome.

<u>Request No. 18:</u> **All documents Plaintiff may introduce as evidence at the trial of this action.**

<u>Response No. 18</u>: Plaintiffs object to this Request on the grounds that it is over broad and unduly burdensome. Plaintiff has not yet made a determination as to what evidence she will be introducing at the time of trial.

Dated: Carle Place, New York
July 13, 2006

Yours, etc.,

**EDELMAN, KRASIN & JAYE, PLLC**
Attorneys for Plaintiff

By: ______________________
GREGORY D. BELLANTONE, ESQ.
Office and P.O. Address
One Old Country Road
Carle Place, New York 11514
(516) 742-9200
EKJ-1110 (km)

TO: WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
BY: LAWRENCE B. BRENNAN, ESQ.
BY: CHRISTINE A. CIVITANO, ESQ.
Attorneys for Third-Party Defendant
J.W. KAEMPFER
150 East 42nd Street
New York, New York 10017-5639

FRANCIS J. FLANAGAN, ESQ.
SAYER, REGAN, THAYER & FLANAGAN
130 Bellevue Avenue
Newport, Rhode Island 02840

JUSTIN T. SHAY, ESQ.
CAMERON & MITTLEMAN
56 Exchange Terrace
Providence, Rhode Island 02903

NORMAN A. PELOQUIN, II, ESQ.
SAUNDERS & SAUNDERS, LLP
700 Pleasant Street
New Bedford, Massachusetts 02740

LOVEJOY & ASSOCAITES
Attorneys for Defendant and
Third Party Plaintiff
LOLA MARINE
276 Center Road
Easton, Connecticut 06612

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on July 13, 2006, postage prepaid to:

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
BY: LAWRENCE B. BRENNAN, ESQ.
BY: CHRISTINE A. CIVITANO, ESQ.
Attorneys for Third-Party Defendant
J.W. KAEMPFER
150 East 42nd Street
New York, New York 10017-5639

FRANCIS J. FLANAGAN, ESQ.
SAYER, REGAN, THAYER & FLANAGAN
130 Bellevue Avenue
Newport, Rhode Island 02840

JUSTIN T. SHAY, ESQ.
CAMERON & MITTLEMAN
56 Exchange Terrace
Providence, Rhode Island 02903

NORMAN A. PELOQUIN, II, ESQ.
SAUNDERS & SAUNDERS, LLP
700 Pleasant Street
New Bedford, Massachusetts 02740

LOVEJOY & ASSOCAITES
Attorneys for Defendant and
Third Party Plaintiff
LOLA MARINE
276 Center Road
Easton, Connecticut 06612

GREGORY D. BELLANTONE, ESQ.









UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAQUELINE BOTTEGA, :
Plaintiff :
:
v. : C.A. No. 04-323ML
:
WILLIAM B. HALSTEAD, EDGAR :
YACHT MANAGEMENT, INC. and :
LOLA MARINE LTD., :
Defendants :

---

LOLA MARINE, LTD, :
Third Party Plaintiff, :
:
v. :
:
J.W. KAEMPFER, :
Third Party Defendant :

**MOTION TO EXTEND TIME TO COMPLETE DISCOVERY**

Now come the plaintiff, Jaqueline Bottega, in the above entitled matter and, pursuant to Fed R. Civ. P. 6(b), moves this Honorable Court for an order modifying the Pre-Trial Order issued by the Court on January 30, 2006.

Plaintiff respectfully requests that the Court extend the parties time to serve their expert disclosure pursuant to Rule 26 as follows: Plaintiffs to disclose her experts by September 22, 2006, and the defendants to serve their expert disclosure by October 22, 2006. Plaintiff also requests that all discovery be closed by November 22, 2006, and that all dispositive motions be filed by December 15, 2006.

Plaintiff makes this application because the parties had participated in two mediation sessions with the Honorable Robert W. Lovegreen, in an attempt to settle this matter, on March 9, 2006 and April 27, 2006 respectfully. Unfortunately, the parties were unable to reach

an agreement, and no discovery was conducted during that time. The parities have been engaging in documentary discovery and anticipate that the depositions of all the parties will be completed during the month of September.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enlarge the time within which the parties may complete discovery in this case.

Date: August 24, 2006

Carle Place, New York

EDELMAN, KRASIN & JAYE, PLLC
Attorneys for Plaintiff

By: /S/ Gregory D. Bellantone
GREGORY D. BELLANTONE
New York Bar No. 2381101
One Old Country Road, Suite 210
Carle Place, New York 11514
(516) 742-9200

/S/ Justin T. Shay
JUSTIN T. SHAY #2781
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence RI 02903
(401) 331-5700

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2006, a true copy of the within was sent, via e-mail, to the following:

Frederick A. Lovejoy, Esquire
Lovejoy & Associates
Attorneys for Defendant, Lola Marine
1536 Westminster Street
Providence, RI 02909
lovejoyadm@aol.com

Norman Peloquin, Esquire
Saunders & Saunders, LLP
Attorneys for Defendant Edgar Yacht M Management
P.O. Box 65
Adamsville, RI 02801
peloquin@sealaw.net

Lawrence B. Brennan, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP; Attorneys for Third Party Defendant, J.W. Kaempfer
150 East 42nd Street
New York, New York 10017
brennanl@wemed.com

Francis J. Flanagan, Esq.
Sayer, Regan Thayer & Flanagan
130 Bellevue Avenue
Newport, RI 02840
fflanagan@srt-law.com

/S/ Justin T. Shay, Esquire

G:\cmc\Bottega\pldgs\Motion to extend time to complete discovery.doc