**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

-----------------------------------------------------------------------------X

**JACQUELINE BOTTEGA,**

**Plaintiff,** **CIVIL ACTION**

**No. 04-323 (MML)(DLM)**

**v.**

**WILLIAM B. HALSTEAD,**
**EDGAR YACHT MANAGEMENT, INC., and**
**LOLA MARINE LTD.**

**Defendants**

-----------------------------------------------------------------------------X

**LOLA MARINE, LTD.,**

**Third-Party Plaintiff,**

**v.**

**J.W. KAEMPFER.**

**Third-Party Defendant.**

-----------------------------------------------------------------------------X

**THIRD-PARTY DEFENDANT J.W. KAEMPFER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT THE PLAINTIFF AND THIRD-PARTY PLAINTIFF'S COMPLAINTS ASSERTING JONES ACT AND UNSEAWORTHINESS CAUSES OF ACTION ARE BARRED BY THE STATUTE OF LIMITATION**

NOW COMES Third-Party Defendant, J.W. KAEMPFER (hereinafter "KAEMPFER") by and through his attorneys, SAYER, REGAN, THAYER & FLANAGAN, and respectfully submits this memorandum of law pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules of the District of Rhode Island in support of his

motion to dismiss for judgment on the pleadings, or in the alternative, motion for summary judgment on the ground that Plaintiff, JACQUELINE BOTTEGA (hereinafter "BOTTEGA"), and Third-Party Plaintiff's, LOLA MARINE, LTD. (hereinafter "LOLA MARINE"), Complaint and Third-Party Complaint asserting Jones Act and Unseaworthiness causes of action against Third-Party Defendant are time barred.

**PRELIMINARY STATEMENT**

Jones Act and unseaworthiness claims are governed by a three-year statute of limitations. 46 U.S.C.S. § 30106 (2006) (formerly 46 U.S.C. § 763(a)). Plaintiff was injured while serving onboard Sailing Vessel LOLA on August 18, 2001. On July 28, 2004, Plaintiff filed a complaint against Defendants LOLA MARINE, WILLIAM B. HALSTEAD, and EDGAR YACHT MANAGEMENT, INC., and subsequently amended her complaint on August 17, 2004. Plaintiff BOTTEGA's Jones Act and unseaworthiness claims expired on August 18, 2004. Nearly one year later, on August 2, 2005, after Judge Martin issued his Report and Recommendation[1], LOLA MARINE filed a third-party complaint, pursuant to Fed.R.Civ. P 14 (c), alleging that KAEMPFER was Plaintiff's Jones Act employer. LOLA MARINE subsequently amended the third-party complaint on January 20, 2006.

A Fed.R.Civ. P 14(c) third-party action provides Plaintiff with a direct cause of action against the third-party defendant and the action proceeds against the third-party defendant as if the plaintiff had commenced an action against the third-party defendant as well as the third-party plaintiff. However, since the third-party complaint was filed on August 2, 2005, nearly one year after the expiration of the statute of limitations, the Jones Act and unseaworthiness causes of action against KAEMPFER are time-barred.

---

1 2005 U.S. Dist. LEXIS 16627 (D.R.I. 2005).

**STATEMENT OF UNDISPUTED FACTS**

The following undisputed facts were conclusively established in the Report and Recommendation of Magistrate Judge David Martin, entitled *Bottega v. Halstead*, 2005 U.S. Dist. LEXIS 16627 (D.R.I. 2005):

> In February 2001, Plaintiff was hired as a stewardess by Robert Edgar ("Captain Edgar"), the captain of the S/V LOLA. See Bottega 12/15/04 Decl. P 1. During the time she was employed as a member of the crew, Plaintiff was paid by Defendant Edgar Yacht Management. See id. P 3. Payment was made by direct deposits into Plaintiff's checking account with a New York bank. See id.; Exhibit ("Ex.") A (credit advices reflecting two payments of $2,500.00 and one of $3,000.00 by Edgar Yacht Management to Plaintiff). Plaintiff never received a W-2 form or 1099 form from any entity with regard to the wages she was paid during her employment on the S/V LOLA. See 28 U.S.C. 1746 Further Declaration of Jacqueline Bottega in Opposition to Defendants' Motion to Dismiss ("Bottega 3/9/05 Decl.") P 2.
>
> In July 2001, Lola Marine chartered the vessel to Kaempfer for the period August 10-20, 2001. See 28 U.S.C. §1746 Declaration of William B. Halstead in Support of Defendants' Motion to Dismiss (Doc. #23) ("Halstead Decl."), Ex. A (Yacht Charter Agreement). The Yacht Charter Agreement stated that during the period of the charter the captain and crew of the vessel were employees of Kaempfer and not Lola Marine. See id. P 11. Kaempfer also executed a Yacht Employment Agreement whereby he agreed to hire Captain Edgar for the charter period. See Halstead Decl., Ex. B (Yacht Employment Agreement) P 1. The Yacht Employment Agreement additionally referenced the hiring of two additional crew members, but only Captain Edgar's name was written in the space provided for identifying the crew. See id. P 2. The lines for identifying the "Chef" and "Mate/Stew" were left blank. See id. Although Plaintiff witnessed Captain Edgar's signature on the Yacht Employment Agreement, see id., she states that she did not read it and did not know its contents, see Bottega 12/15/04 Decl. P 5.
>
> According to Plaintiff, after she was injured on August 18, 2001, Captain Edgar told her that Lola Marine's insurance carrier, Atlantic Mutual Insurance Company ("Atlantic Mutual"), would be responsible for making payments for her maintenance and cure. See Bottega 3/9/05 Decl. P 3. In apparent confirmation of this statement,

> shortly thereafter Atlantic Mutual began making payments to Plaintiff for her maintenance and cure. See Bottega 12/15/04 Decl. P 4; id., Ex. B at 2 (reflecting maintenance payment of $ 1,075.00 by Atlantic Mutual on 9/25/01). Atlantic Mutual continued to make payments to Plaintiff, or for her benefit, until February of 2005. See id., Ex. B at 2; Bottega 3/9/05 Decl. P 5. These payments total approximately $ 40,000.00. See 28 U.S.C. §1746 Statement of Mark Smieya ("Smieya 3/30/05 Statement") P 8.

*Bottega v. Halstead*, *supra*, 2005 U.S. Dist. LEXIS 16627 at *8-9.

## ARGUMENT

**THE PLAINTIFF AND THIRD-PARTY PLAINTIFF'S JONES ACT AND UNSEAWORTHINESS CAUSES OF ACTION AGAINST KAEMPFER ARE TIME BARRED PURSUANT TO THE PRESCRIBED THREE YEAR STATUTE OF LIMITATIONS AND THUS THE LAWSUITS AGAINST KAEMPFER SHOULD BE DISMISSED.**

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion. "The trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." *Rivera-Gomez v. De Castro*, 843 F.2d 631, 635 (1st Cir. 1998) (internal citations omitted). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Supra*. With these parameters in mind, a court must look to the circumstances of the case. *Pasdon v. City of Peabody*, 417 F.3d 225, 226 (1st Cir. 2005).

In the alternative, summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." *Kearney v. Town of Wareham,* 316 F.3d 18, 21 (1st Cir. 2002) (quoting Fed. R. Civ. P. 56(c)). "A dispute is genuine if the evidence about the fact is such that a reasonable jury

could resolve the point on the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." *Santiago-Ramos v. Centennial P.R. Wireless Corp*., 217 F.3d 46, 52 (1st Cir. 2000) (quoting *Sanchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir. 1996)).

In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." *Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 5 (1st Cir. 2000) (citing, *Mulero-Rodriguez v. Ponte, Inc*., 98 F.3d 670, 672 (1st Cir. 1996)). "When the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage. See, e.g., *Greenburg v. Puerto Rico Maritime Shipping Auth*., 835 F.2d 932, 937 (1st Cir. 1987) (explaining that, if the evidence conflicts, the ultimate arbiter of the persuasiveness of the proof must be the factfinder, not the lawgiver)." *Coyne v. Taber Partners I*, 53 F.3d 454,460- 461 (1st Cir. 1995). Furthermore, "summary judgment is not appropriate merely because the facts offered by the moving party seem most plausible, or because the opponent is unlikely to prevail at trial. If the evidence presented is subject to conflicting interpretations, or reasonable men might differ as to significance, summary judgment is improper." *Gannon v. Narragansett Electric Co.,* 777 F. Supp. 167, 169 (D.R.I. 1991) (citation and internal quotation marks omitted).

On August 2, 2005, nearly one year after Plaintiff's Jones Act and unseaworthiness claims expired and after Judge Martin issued his Report and Recommendation, *supra,* estopping LOLA MARINE from claiming that it was not BOTTEGA's Jones Act employer, LOLA MARINE filed a third-party complaint, pursuant to Fed.R.Civ. P 14 (c), alleging that

KAEMPFER was Plaintiff's Jones Act employer and not LOLA MARINE. LOLA MARINE subsequently amended the third-party complaint on January 20, 2006.

Fed.R.Civ. P 14 (c) states:

> (c) Admiralty and Maritime Claims. When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or person who asserts a right under Supplemental Rule C(6)(a)(1), as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

A third-party action asserted pursuant to Rule 14 (c) allows the plaintiff a direct cause of action against the third-party defendant and the action proceeds as if the plaintiff had commenced the action against the third-party defendant as well as the third-party plaintiff. According to *Benedicts on Admiralty*,

> The Federal Rules of Civil Procedure make special provision for admiralty and maritime claims in the rule governing third party practice. Rule 14(c) permits a defendant to bring a third party action against a third party defendant who may be wholly or partly liable, either to the plaintiff or to the third party plaintiff, by way of remedy over, contribution or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. **Rule 14(c) is unique in that it permits a third party plaintiff to demand judgment against a third party defendant in favor of the plaintiff and then requires the third party defendant to respond to the claims of the plaintiff as if it had been named as a defendant in the principal action.** If the 14(c) third party action is pled in that manner, then the whole action proceeds "as if the plaintiff had commenced it against the third party defendant as well as the third party plaintiff." *Riverway Co. v. Trumbull River Services,* Inc., 674 F.2d 1146 (7th Cir. 1982). Rule 14(c) is to be



2124879.1

> liberally construed. *Galt G/S v. JSS Scandinavia*, 1992 A.M.C. 2363, n. 16 at 2365. (N.D. Cal 1992).
>
> **The significance of Rule 14(c) is that the plaintiff may take a judgment directly against the third party defendant without the necessity of the judgment passing through the defendant-third party plaintiff by way of indemnity or contribution.**

8-III *Benedict on Admiralty* § 3.01 [emphasis added].

Jones Act and unseaworthiness claims are governed by a three-year statute of limitations. *McKinney v. Waterman S.S. Corp.*, 925 F.2d 1-2, n.2 (1st Cir. 1991), *citing, Clauson v. Smith*, 823 F.2d 660, 661 (1st Cir. 1987) ("The Jones Act . . . incorporates by reference the three-year limitations period contained in the Federal Employers' Liability Act (FELA), 45 U.S.C. § 56"). *See*, 46 U.S.C.S. § 30106 (2006) (formerly 46 U.S.C. § 763(a)).

Plaintiff was injured onboard S/Y LOLA on August 18, 2001 and timely filed her action against Defendants Halstead, Edgar Yacht Management and Lola Marine on August 13, 2004. Thereafter,

> On August 16, 2004**, two days before the statute of limitations expires**, *McKinney v. Waterman S.S. Corp.*, 925 F.2d 1, 2 (1st Cir. 1991) (noting a three year statute of limitations for Jones Act and general maritime law claims), Atlantic Mutual learned of the bareboat charter to Kaempfer and that Plaintiff was allegedly in the employ of Kaempfer from August 10, 200 to August 20, 2001.

*Bottega v. Halstead*, 2005 U.S. Dist. LEXIS 16627 at *13 [emphasis added].

Moreover,

> In October of 2004, **after the statute of limitations had run**, Halstead and Lola Marine filed a motion which stated that from August 10, 200 to August 20, 2001, the vessel was under a demise or bareboat charter to J.W. Kaempfer ("Kaempfer") of London, England, and that Plaintiff was in the employ of Kaempfer and not Halstead of Lola Marine on August 18, 2001, the date she was injured.

*Bottega v. Halstead*, 2005 U.S. Dist. LEXIS 16627 at * 3 [emphasis added].

On August 2, 2005, after Magistrate Judge Martin issued his Report and Recommendations, *supra*, which when it was adopted by the District Court, estopped LOLA MARINE from denying that it was BOTTEGA's employer on the date she was injured, LOLA MARINE filed a third-party complaint against KAEMPFER pursuant to Rule 14 (c). The third-party complaint, filed nearly one year after the prescribed three year statute of limitations had expired, alleged that Mr. Kaempfer, not LOLA MARINE, was BOTTEGA's employer. Since the third-party complaint was filed one year after the statute of limitations had expired, the Jones Act and unseaworthiness allegations against KAEMPFER are time barred. [46 U.S.C.S. § 30106 (2006) (formerly 46 U.S.C. § 763(a))]. *See*, *Moore's Federal Practice*:

> It will suffice here to point out that if the third-party claim arises under federal law, a federal statute of limitations will govern.... .
>
> ***
>
> Obviously, the defendant cannot maintain impleader if the statute of limitations has run for the claim against the third party. Because the statute of limitations is an affirmative defense, third-party defendant must raise the issue or else waive it. (Citations omitted).

*3-14 Moore's Federal Practice - Civil § 14.29.*

Accordingly, "Lola Marine was fully aware of the entire panoply of relevant facts surrounding the charter during the entire time the statute of limitations was running" *Bottega v. Halstead*, 2005 U.S. Dist. LEXIS 16627 at * 40, and failed to timely commence its third-party action within the prescribed three year statute of limitation. Therefore, KAEMPFER respectfully requests that this Court grant his motion to dismiss or, in the alternative, motion for summary judgment in his favor and dismiss all Jones Act and unseaworthiness allegations asserted against him because they are time barred.

**CONCLUSION**

The Jones Act and unseaworthiness allegations brought against KAEMPFER were brought nearly one year after the prescribed three year statute of limitation expired. Thus, KAEMPFER respectfully requests that this Court grant his motion to dismiss on the pleadings, or in the alternative, motion for summary judgment declaring that all of the Jones Act and unseaworthiness claims brought against him by BOTTEGA and LOLA MARINE are time barred.

Dated: February 20, 2007
Newport, Rhode Island

Respectfully submitted,

By: ______________________

/s/ Francis J. Flanagan, Esq.
Sayer, Regan, Thayer & Flanagan
Attorneys for Third-Party Defendant
J.W. KAEMPFER
130 Bellevue Avenue
Newport, Rhode Island 02840
Telephone : (401) 849-3040
Facsimile : (401) 849-4330

Lawrence B. Brennan
Christine A. Civitano
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
Telephone: (212) 490-3000
Facsimile: (212)490-3038

**CERTIFICATE OF SERVICE**

I, Francis J. Flanagan, Esq. hereby certify that on the 20th day of February, 2007 I caused a *THIRD-PARTY DEFENDANT J.W. KAEMPFER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR DISMISSAL ON THE PLEADINGS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT* on behalf of *THIRD-PARTY DEFENDANT J.W. KAEMPFER* to be served on the following:

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
Attorneys for Defendant and
Third-Party Plaintiff
LOLA MARINE, LTD.
1536 Westminster Street
Providence, Rhode Island 02909

Justin T. Shay, Esq.
Charles S. Beal, Esq.
CAMERON & MITTLEMAN, LLP
Attorneys for Plaintiff
JACQUELINE BOTTEGA
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
EDLEMAN, KRASIN & JAYE, PLLC
Attorneys for Plaintiff
JACQUELINE BOTTEGA
One Old County Road
Suite 210
Carle Place, New York 11814
(516)742-9200

Norman A. Peloquin, II, Esq.
SAUNDERS & SAUNDERS
Attorneys for Defendant
EDGAR YACHT MANAGEMENT, INC.
700 Pleasant Street
New Bedford, MA 02740

/s/ Francis J. Flanagan, Esq.