**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

---------------------------------------------------------------X

**JACQUELINE BOTTEGA,**

**Plaintiff,** **CIVIL ACTION**

**No. 04-323 (MML)(DLM)**

**v.**

**WILLIAM B. HALSTEAD,**
**EDGAR YACHT MANAGEMENT, INC., and**
**LOLA MARINE LTD.**

**Defendants**

---------------------------------------------------------------X

**LOLA MARINE, LTD.,**

**Third-Party Plaintiff,**

**v.**

**J.W. KAEMPFER.**

**Third-Party Defendant.**

---------------------------------------------------------------X

**THIRD-PARTY DEFENDANT J.W. KAEMPFER'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HIS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56(a) of the Local Rules of the District of Rhode Island, Third-Party Defendant, J.W. KAEMPFER (hereinafter "KAEMPFER") by and through his attorneys, SAYER, REGAN, THAYER & FLANAGAN, respectfully submits the following statement of undisputed facts, with record citations, in support of his motion to dismiss for judgment on the pleadings, or in the alternative, motion for summary

judgment on the ground that Plaintiff, JACQUELINE BOTTEGA (hereinafter "BOTTEGA"), and Third-Party Plaintiff's, LOLA MARINE, LTD. (hereinafter "LOLA MARINE"), Complaint and Third-Party Complaint asserting Jones Act and Unseaworthiness causes of action against Third-Party Defendant are time barred.

## STATEMENT OF UNDISPUTED FACTS

The following undisputed facts were conclusively established in the Report and Recommendation of Magistrate Judge David Martin, entitled *Bottega v. Halstead,* 2005 U.S. Dist. LEXIS 16627 (D.R.I. 2005) [Annexed as *Kaempfer Exhibit A*]:

1. This is an action brought pursuant to the Jones Act, n1 46 U.S.C. App. § 688, and the court's admiralty and maritime jurisdiction, see 28 U.S.C. § 1333. *Bottega, supra,* 2005 U.S. Dist. *2. *Exhibit A.*

2. Plaintiff Jacqueline Bottega ("Plaintiff") was injured on August 18, 2001, while employed as a member of the crew of the S/V LOLA. *Supra. Exhibit A;* Edgar Deposition Transcript, page 112, line(s) 9-14; annexed hereto as *Kaempfer Exhibit D* and Bottega Deposition Transcript, pages 59-60, line(s) 9-25, 1-4 annexed hereto as *Kaempfer Exhibit E.*

3. In 2001, Plaintiff was hired as a stewardess by Robert Edgar ("Captain Edgar"), the captain of the S/V LOLA. *Bottega, supra,* 2005 U.S. Dist. *7. *Exhibit A; Kaempfer Exhibit D* page 97-98 line(s) 19-25, 1-12; and *Exhibit E* page 17, line(s) 6-7 and page 27, line 17.

4. During the time she was employed as a member of the crew, Plaintiff was paid by Defendant Edgar Yacht Management. *Supra. Exhibit A; Kaempfer Exhibit D* pages 98-100, line(s) 10-25; 1-25 and *Exhibit E* pages 126-127, line(s) 13-25.

5. Payment was made by direct deposits into Plaintiff's checking account with a New York bank. *Supra. Exhibit A; Kaempfer Exhibit D* pages 98-100, line(s) 10-25; 1-25 and *Exhibit E* pages 126-127, line(s) 13-25.

6. Plaintiff never received a W-2 form or 1099 form from any entity with regard to the wages she was paid during her employment on the S/V LOLA. *Supra. Exhibit A; Kaempfer Exhibit D* pages 100-101, line(s) 2-25, 1-4; and Kaempfer Deposition Transcript, page 64, line(s) 10-24, annexed hereto as *Kaempfer Exhibit F.*

7. In July 2001, Lola Marine chartered the vessel to Kaempfer for the period August 10-20, 2001. *Supra. Kaempfer Exhibit A, Kaempfer Exhibit F* page 41, line(s) 13-16, *Kaempfer Exhibits G and H.*

8. Annexed as Exhibit G is a copy of the Yacht Charter Party Agreement.

9. Annexed as Exhibit H is a copy of the Yacht Employment Agreement.

10. The Yacht Charter Agreement stated that during the period of the charter the captain and crew of the vessel were employees of Kaempfer and not Lola Marine. *Bottega, supra,* 2005 U.S. Dist. *8. *Kaempfer Exhibits A and G.*

11. Kaempfer also executed a Yacht Employment Agreement whereby he agreed to hire Captain Edgar for the charter period. *Supra. Kaempfer Exhibits A and H.*

12. The Yacht Employment Agreement additionally referenced the hiring of two additional crew members, but only Captain Edgar's name was written in the space provided for identifying the crew. *Supra. Kaempfer Exhibits A, F* pages 25-26, line(s) 19-25, 1-14, *and H.*

13. The lines for identifying the "Chef" and "Mate/Stew" were left blank. *Supra. Kaempfer Exhibits A and H.*



2685465.1

14. Although Plaintiff witnessed Captain Edgar's signature on the Yacht Employment Agreement, she states that she did not read it and did not know its contents. *Supra. Kaempfer Exhibits A and Exhibit E* pages 127-130, line(s) 13-25,1-25, 1-25, and 1-10.

15. According to Plaintiff, after she was injured on August 18, 2001, Captain Edgar told her that Lola Marine's insurance carrier, Atlantic Mutual Insurance Company ("Atlantic Mutual"), would be responsible for making payments for her maintenance and cure. *Supra. Kaempfer Exhibits A, Exhibit D* pages 136-137, line(s) 11-25, 1-2, *and Exhibit E* pages 150-151, line(s) 25,1.

16. In apparent confirmation of this statement, shortly thereafter Atlantic Mutual began making payments to Plaintiff for her maintenance and cure. *Supra. Kaempfer Exhibit A.*

17. Atlantic Mutual continued to make payments to Plaintiff, or for her benefit, until February of 2005. *Bottega, supra,* 2005 U.S. Dist. *9. *Kaempfer Exhibit A.*

18. These payments total approximately $ 40,000.00. *Supra. Kaempfer Exhibit A.*

19. Plaintiff filed her Complaint on July 28, 2004, naming Halstead, Edgar Yacht Management, and Lola Marine as Defendants. *Bottega, supra,* 2005 U.S. Dist. *13. *Kaempfer Exhibit A and Kaempfer Exhibit B.*

20. Annexed hereto as Exhibit B is a copy of Plaintiff's Complaint.

21. Plaintiff amended her complaint on August 13, 2004 and alleged in that all three Defendants, William B. Halstead ("Halstead"), Lola Marine, and Edgar Yacht Management, employed her on August 18, 2001. *Bottega, supra,* 2005 U.S. Dist. *3. *Kaempfer Exhibit A and Kaempfer Exhibit C.*

22. Annexed hereto as Exhibit C is a copy of Plaintiff's Amended Complaint.

23. LOLA MARINE filed a third-party complaint, pursuant to Fed.R.Civ. P 14 (c), alleging that KAEMPFER was Plaintiff's Jones Act employer and not LOLA MARINE. (Doc. #53), *Kaempfer Exhibit I.*

24. Annexed as Exhibit I is a copy of LOLA's Third-Party Complaint.

25. LOLA MARINE subsequently amended the third-party complaint on January 20, 2006. (Doc. #57), annexed as *Kaempfer Exhibit J.*

Dated: February 20, 2007
Newport, Rhode Island

Respectfully submitted,

By: ______________________

/s/ Francis J. Flanagan, Esq.
Sayer, Regan, Thayer & Flanagan
Attorneys for Third-Party Defendant
J.W. KAEMPFER
130 Bellevue Avenue
Newport, Rhode Island 02840
Telephone : (401) 849-3040
Facsimile : (401) 849-4330

Lawrence B. Brennan
Christine A. Civitano
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
Telephone: (212) 490-3000
Facsimile: (212)490-3038

**CERTIFICATE OF SERVICE**

I, Francis J. Flanagan, Esq., hereby certify that on February 20, 2007 I caused a copy of *THIRD-PARTY DEFENDANT J.W. KAEMPFER'S STATEMENT OF UNDISPUTED FACTS* to be served on the following:

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
Attorneys for Defendant and
Third-Party Plaintiff
LOLA MARINE, LTD.
1536 Westminster Street
Providence, Rhode Island 02909

Justin T. Shay, Esq.
Charles S. Beal, Esq.
CAMERON & MITTLEMAN, LLP
Attorneys for Plaintiff
JACQUELINE BOTTEGA
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
EDLEMAN, KRASIN & JAYE, PLLC
Attorneys for Plaintiff
JACQUELINE BOTTEGA
One Old County Road
Suite 210
Carle Place, New York 11814
(516)742-9200

Norman A. Peloquin, II, Esq.
SAUNDERS & SAUNDERS
Attorneys for Defendant
EDGAR YACHT MANAGEMENT, INC.
700 Pleasant Street
New Bedford, MA 02740

/s/ Francis J. Flanagan, Esq.