UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------X

| | |
|---|---|
| JACQUELINE BOTTEGA,<br>Plaintiff,<br><br>v.<br><br>EDGAR YACHT MANAGEMENT, INC., and<br>LOLA MARINE LTD.,<br>Defendants. | CIVIL ACTION<br>No. 04-323ML<br><br>February 20, 2007 |

---------------------------------------------------------X

LOLA MARINE, LTD.,
Third-Party Plaintiff,

v.

J. W. KAEMPFER,
Third-Party Defendant.

---------------------------------------------------------X

DEFENDANT/THIRD-PARTY PLAINTIFF LOLA MARINE, LTD.'S
MOTION IN LIMINE RE: BAREBOAT CHARTER PARTY AGREEMENT

Now comes defendant/third-party plaintiff Lola Marine, Ltd. and by its attorneys, moves this Honorable Court in limine to enter an order prohibiting the third-party defendant J.W. Kaempfer from introducing evidence and/or presenting argument to the jury or the Court that the third-party defendant J.W. Kaempfer is not bound by the terms and conditions of Yacht Charter Agreement and the Yacht Employment Agreement executed by the third-party defendant J.W. Kaempfer on July 6, 2001. (Exhibit A – highlighting ours)

In support of this motion, defendant/third-party plaintiff Lola Marine, Ltd. states the following:

Simply put, the terms of the charter party create a bareboat charter party between Lola Marine, Ltd. and J.W. Kaempfer, who became the owner pro hac vice for purposes of this case;

i.e., at the time of the injury sustained by plaintiff Jacqueline Bottega, J.W. Kaempfer was the "owner" of the S/V LOLA, and not Lola Marine, Ltd.

Additionally, the terms and conditions of the Yacht Employment Agreement, also executed and witnessed by plaintiff Jacqueline Bottega on July 6, 2001, indicate that the Charterer, J.W. Kaempfer, was the employer of the crew from August 10 to August 20, 2001, and not defendant/third-party plaintiff Lola Marine, Ltd. (Exhibit B – highlighting ours)

Since third-party defendant J.W. Kaempfer testified on deposition that he was bound by the terms and conditions contained in the aforementioned documents, third-party defendant J.W. Kaempfer and his counsel should be prohibited from attempting to argue otherwise to the jury or this Court.

Rhode Island law has made it clear that the Courts will only look within the four corners of the contract to determine the parties' intentions unless the Court determines the contract is ambiguous. See: Rhode Island Hospital v. Kapner, Wolfberg & Associates, 2000 R.I. Super Lexis 44, 14 (2000) (Well settled precepts of contract law establish that the Courts should not look outside the four corners of the contract if the terms of the contract are clear and unambiguous.); Ruberg v. Downing Corp., 760 A.2d 945, 947 (R.I. 2000) (If the contract terms are clear and unambiguous, judicial construction is at an end for the terms will be applied as written.) See also: Clark Fitzpatrick, Inc. v. Gill, 652 A.2d 440, 443 (R.I. 1994); Dudzik v. Leesona Corp., 473 A.2d 762, 765 (R.I. 1984)

Because the Yacht Charter Agreement and Yacht Employment Agreement are not ambiguous and the third-party defendant J.W. Kaempfer admitted that he was bound by their terms and conditions, counsel for third-party defendant J.W. Kaempfer should be prohibited from asserting to the jury or this Court that J.W. Kaempfer was not the owner pro hac vice nor

the employer of the crew during the period from August 10 to 20, 2001. To allow otherwise would throw long established Rhode Island principles of contract law construction on its head.

WHEREFORE, for the reasons stated above, defendant/third-party plaintiff Lola Marine, Ltd. requests this Court prohibit the introduction of evidence/argument contradicting the terms and conditions contained in the Yacht Charter Agreement and the Yacht Employment Agreement by third-party defendant J.W. Kaempfer.

Dated: Providence, Rhode Island
February 20, 2007

Lovejoy & Associates
Attorneys for Defendant,
Lola Marine, Ltd.

By: /S/ FREDERICK A. LOVEJOY

Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

BottegaMotionInLimine.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on February 20, 2007, postage prepaid, to:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
Edelman, Krasin & Jaye, PLLC
Suite 210
One Old country Road
Carle Place, NY 11514

Norman A Peloquin, II, Esq.
Saunders & Saunders, LLP
700 Pleasant Street
New Bedford, Massachusetts 02740

Lawrence Brennan, Esq.
Wilson Elser Moskowitz Edelman & Dicker
150 E 42nd Street Floor 19
New York, New York 10017-5639

Francis J. Flanagan, Esq.
Sayer Regan Thayer & Flanagan
130 Bellevue Avenue
Unit 2
Newport, Rhode Island 02840-7424

/S/ FREDERICK A. LOVEJOY
Frederick A. Lovejoy