UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------X
JACQUELINE BOTTEGA,
Plaintiff,

v.

EDGAR YACHT MANAGEMENT, INC., and
LOLA MARINE LTD.,
Defendants.
---------------------------------------------------------X
LOLA MARINE, LTD.,
Third-Party Plaintiff,
v.

J. W. KAEMPFER,
Third-Party Defendant.
---------------------------------------------------------X

CIVIL ACTION
No. 04-323ML

February 20, 2007

DEFENDANT/THIRD-PARTY PLAINTIFF LOLA MARINE, LTD.'S
MOTION IN LIMINE RE: EXPERT TESTIMONY TO BE PRESENTED
BY PLAINTIFF JACQUELINE BOTTEGA

Now comes defendant/third-party plaintiff Lola Marine, Ltd. and by its attorneys, moves this Honorable Court in limine to enter an order that plaintiff Jacqueline Bottega be precluded from introducing expert testimony, as plaintiff Jacqueline Bottega never disclosed any expert witnesses herein and/or that plaintiff Jacqueline Bottega is not qualified to offer expert testimony.

In support of this motion, defendant/third-party plaintiff Lola Marine, Ltd. states the following:

During the course of this litigation the plaintiff did not disclose any medical and/or liability expert witnesses and, as such, plaintiff Jacqueline Bottega should be precluded from attempting to introduce documentary evidence at trial in order to establish its medical expert

case. Additionally, the plaintiff Jacqueline Bottega should not be allowed to testify as an expert witness on the use of preventers, the propriety of sailing wing-to-wing, or in respect to any other matters regarding sailing or medical testimony which would constitute expert testimony.

During this case, the plaintiff Jacqueline Bottega had more than ample time to disclose any expert witnesses that she might have chosen. She has disclosed no expert witness from July 28, 2004, the date of the filing of this case, to date.

Additionally, since this Court entered its Pre-Trial Order on January 30, 2006, plaintiff Jacqueline Bottega disclosed no expert witnesses.

Moreover, while defendant/third-party plaintiff Lola Marine, Ltd. served plaintiff Jacqueline Bottega with Expert Interrogatories on July 25, 2005 (Exhibit 1). Plaintiff Jacqueline Bottega failed to respond to or at any time comply with the Fed. R. Civ. P., Rule 33 and serve a response to those Interrogatories.

Additionally, while the plaintiff Jacqueline Bottega filed two motions (Docket Nos. 71 and 76) to modify the deadlines contained in the Court's Pre-Trial Order that, thereafter, when defendant/third-party plaintiff Lola Marine, Ltd. sought an extension of time, for the specific purpose of disclosing its possible expert witnesses (by motion dated October 23, 2006) (Docket No. 78), the plaintiff did not seek any additional time to disclose her expert witness. Following the depositions of Captain Robert Edgar on October 20, 2006, Jacqueline Bottega on January 17, 2007, and J.W. Kaempfer on January 23, 2007, it appeared to defendant/third-party plaintiff Lola Marine, Ltd. that it would not now need to obtain/disclose any expert witnesses in respect to plaintiff's case because the plaintiff had elected not to disclose any expert witnesses and counsel for the plaintiff did not assert at the deposition of Jacqueline Bottega that she would be offering any expert testimony in respect sailing or medical evidence.

To now allow plaintiff Jacqueline Bottega to introduce medical expert witness testimony through documentation should be precluded by this Court when the plaintiff has failed to disclose any such witnesses in accordance with Fed. R. Civ. P., Rule 26(2)(a) and defendant/third-party plaintiff has never been afforded the opportunity to depose the author(s) of those medical documents.

Additionally, defendant/third-party plaintiff Lola Marine, Ltd. understands that plaintiff Jacqueline Bottega will attempt to proffer expert witness testimony through plaintiff Jacqueline Bottega herself. This attempt should also be precluded because plaintiff Jacqueline Bottega was not disclosed as an expert witness pursuant to Fed. R. Civ. P., Rule 26(2)(a) and, thus, the defendants did not have a fair opportunity to examine Ms. Bottega in respect to her expert qualifications, et cetera.

Moreover, the amendments to Fed. R. Evid., Rule 701, which went into effect as of December 1, 2006, were enacted to specifically prohibit the type of "expert" testimony that the plaintiff will attempt to proffer in this case.

The version of Fed. R. Evid., Rule 701, which went into effect as of December 1, 2000, and governs this trial, states in full:

> Rule 701. Opinion Testimony by Lay Witnesses.
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

(emphasis ours)

Since plaintiff Jacqueline Bottega's opinion testimony will concern "technical" or "other specialized knowledge"; i.e., testimony relating to the use of preventers on sailboats and sailing wing-to-wing or medical testimony, this Court should preclude the plaintiff Jacqueline Bottega

from providing expert opinion testimony, which is based on "scientific, technical or other specialized knowledge", via Rule 701.

In fact, the Advisory Committee Notes to the 2000 Amendments state that the predominant purpose in amending Rule 701 was to prevent one party from "sandbagging" another by being able to get in expert opinion testimony through Rule 701 without conforming to the requirements of Fed. R. Evid., Rule 702 and Fed. R. Civ. P., Rule 26. This is exactly what plaintiff Jacqueline Bottega appears to be attempting in this case.

The Advisory Committee Notes to the 2000 Amendments to Rule 701 state in pertinent part:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See generally Asplundh Mfg. Div. v. Benton Harbor Eng'g,* 57 F.3d 1190 (3d Cir. 1995). By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim. P. 16 by simply calling an expert witness in the guise of a layperson. *See* Joseph, *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 108 (1996) (noting that "there is no good reason to allow what is essentially surprise expert testimony" and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process"). *See also United States v. Figueroa-Lopez,* 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents testifying that the defendant's conduct was consistent with that of a drug trafficker could not testify as lay witnesses; to permit such testimony under Rule 701 "subverts the requirements of Federal Rule of Criminal Procedure 16(a)(1)(E)").
>
> The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. *See, e.g. United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents could testify that the defendant was acting suspiciously, without being qualified as experts; however, the rules on experts were applicable where the agents testified on the basis of extensive experience that the defendant was using code words to refer to drug quantities and prices). The amendment makes clear

> that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.
>
> The amendment is not intended to affect the "prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." *Asplundh Mfg. Div. v. Benton Harbor Eng'g,* 57 F.3d 1190, 1996 (3d Cir. 1995).

(emphasis ours)

Since plaintiff Jacqueline Bottega was not disclosed as a Fed. R. Evid., Rule 702 expert witness, she may not now provide expert testimony pursuant to Rule 702 either.

The Courts that have addressed amended Fed. R. Evid., Rule 701 have consistently prohibited the backdoor attempt to introduce expert testimony that plaintiff Jacqueline Bottega contemplates herein.

In, U.S. v. Garcia, 291 F.3d 127, 140, n9 (2d Cir. 2002), a post-amended Fed. R. Evid., Rule 701 case, stated:

> In order to offer opinion testimony based on Toro Balcarcel's knowledge as a drug dealer, the government needed to qualify Toro Balcarcel as an expert and comply with all of the pretrial disclosure rules. See *United States v. Figueroa-Lopez, 125 F.3d 1241, 1246 (9th Cir. 1997)*(rejecting agent's testimony as a lay witness when "the Government instructed the witness to answer questions 'based upon your training and expertise'"). Because the government did not qualify Toro Balcarcel as an expert, any opinion testimony based on his expertise and knowledge as a drug dealer was improper.

(emphasis ours)

This Court further held:

> We cannot separate the effects of the improperly admitted evidence. We cannot satisfactorily tie the three kilograms to Garcia or state with any certainty that the prejudicial and erroneously admitted evidence did not affect the jury. The admission of Toro Balcarcel's testimony was not harmless error because we cannot "conclude that the testimony was 'unimportant in relation to everything else the jury considered on the issue in question, as is revealed in the record.'" *Rea. 958 F.2d at 1220*

Id. at 144. (emphasis ours)

In In the Matter of the Complaint of Illusions Holdings, Inc., 189 F.R.D. 316, 320-321 (S.D.N.Y. 1999), a pre-December 1, 2000 ruling which applied the standards contained in Amended Fed. R. Evid., Rule 701, the Court held:

> The rule is broadly phased. The fields of knowledge which may be drawn upon are not limited merely to the "scientific" or "technical" but extend to all "specialized" knowledge. Similarly, the expert is viewed, not in a narrow sense, but as a person qualified by "knowledge, skill, experience, training or education." Thus within the scope of the rule are not only experts in the strictest sense of the word, e.g., physicians, physicists, and architects, but also the large group sometimes called "skilled" witnesses, such as bankers or landowners testifying to land values. (emphasis added)
>
> The testimony of Giacinto and Van Blaricum reflected in their depositions and concerning, among other things, scuba diving training methods, procedures for scuba diving, and their opinions about currents, water temperature, visibility, and certain dive sites in the British Virgin Islands "surely satisfy this broad [expert] definition." *Queen v. Washington Metropolitan Area Transit Authority, 268 U.S. App. D.C. 480, 842 F.2d 476, 482 (D.C. Cir. 1988).* Counsel for Wagner was disadvantaged (harmed) in deposition cross-examination by the absence of required disclosure under Fed. R. Civ. P. 26. Because Illusions did not comply with the disclosure requirements of Fed. R. Civ. P. 26, in the face of Wagner's request that it do so, the testimony of Giacinto and Van Blaricum may not be used at trial. See Fed. R. Civ. P. 37(c)(1), n7.
>
> Not only is the preclusion of Giacinto and Van Blaricum's testimony required under the current law, it is also consistent with the proposed amendment to Fed. R. Evid. 701:
>
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue and (c) not based as scientific, technical or other specialized knowledge within the scope of Rule 702. (emphasis added)
>
> The advisory committee notes to the proposed amendment to Fed. R. Evid. 701 state that "the amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules." (emphasis added) That is the case here. That is, the testimony of Giacinto and

> Van Blaricum is clearly based upon "specialized knowledge" (i.e., their diving expertise) within the scope of Rule 702 and is, therefore, subject to the disclosure requirements of Fed. R. Civ. P. 26.

(emphasis ours)

Moreover, in Black v. Consolidated Freightways Corp., 219 F.Supp. 2d 343 (E.D.N.Y. 2002), a post-Amended Rule 701 case, the Court held:

> First, it appears that Black has attempted to proffer Beschner as an expert "in lay witness clothing." Fed. R. Evid. 701 Advisory Committee's Notes, 2000 Amendments. Beschner's statements – which concededly are based on his "extensive experience working with trailers having wooden floors" – are predicated on "specialized knowledge," and thus fall within the ambit of Rule 702 of the Federal Rules of Evidence. n6 There is no evidence that Beschner has been disclosed as an expert witness; instead, it appears that Beschner simply is a lay witness attempting to provide expert testimony. Accordingly, Beschner's opinion that the hole must have existed for a sufficient length of time such that it should have been discovered by Consolidated is inadmissible. See, e.g., 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 701.03[4][b] (Matthew Bender 2d ed. 2002) ("courts should not permit lay witnesses to give what is essentially expert opinion testimony"); *Certain Underwriters at Lloyd's, London v. Sinkovich, 232 F.3d 200, 203 (4th Cir. 2000)* (Rule 701 "generally does 'not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness'") (citation omitted); *Doddy v. Oxy USA, Inc., 101 F.3d 448, 460 (5th Cir. 1996)* ("a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person") (citation omitted); see also *In re Illusions Holdings Inc., 189 F.R.D. 316, 318-20 (S.D.N.Y. 1999).*

(emphasis ours)

Because the Fed. R. Evid., Rule 701 was amended to prohibit parties from attempting to "seek" expert testimony into evidence, without a proper disclosure, any such "expert" testimony should be precluded herein.

WHEREFORE, for the reasons stated above, plaintiff Jacqueline Bottega should be precluded from introducing any expert testimony, as plaintiff Jacqueline Bottega never disclosed any expert witnesses herein and/or that plaintiff Jacqueline Bottega, herself, is not qualified to offer expert testimony.

Dated: Providence, Rhode Island
February 20, 2007

Lovejoy & Associates
Attorneys for Defendant,
Lola Marine, Ltd.

By: /S/ FREDERICK A. LOVEJOY

Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

BottegaMotionInLimineExpert.doc

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on February 20, 2007, postage prepaid, to:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
Edelman, Krasin & Jaye, PLLC
Suite 210
One Old country Road
Carle Place, NY 11514

Norman A Peloquin, II, Esq.
Saunders & Saunders, LLP
700 Pleasant Street
New Bedford, Massachusetts 02740

Lawrence Brennan, Esq.
Wilson Elser Moskowitz Edelman & Dicker
150 E 42nd Street Floor 19
New York, New York 10017-5639

Francis J. Flanagan, Esq.
Sayer Regan Thayer & Flanagan
130 Bellevue Avenue
Unit 2
Newport, Rhode Island 02840-7424

/S/ FREDERICK A. LOVEJOY
Frederick A. Lovejoy

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------X
JACQUELINE BOTTEGA,
Plaintiff,

v.

EDGAR YACHT MANAGEMENT, INC., and
LOLA MARINE LTD.,
Defendants.
---------------------------------------------------------X

CIVIL ACTION
No. 04-323ML (DLM)

July 27, 2005

EXPERT INTERROGATORIES

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 through 34 of the Federal Rules of Civil Procedure, the defendant, Lola Marine Ltd., hereby requests that the plaintiff, Jacqueline Bottega, respond to the Interrogatories set forth below.

1. Identify:

(a) each person plaintiff expects to call as an expert witness at trial;

(b) the address of each such person;

(c) the subject matter on which each expert is expected to testify;

(d) the substance of the facts and opinion to which each expert is expected to testify;

(e) a summary of the grounds for each opinion of such expert; and

(f) the name and date of any treatises, books, articles, essays or other writings published or unpublished, by the expert, relating in any way to the subject matter on which the expert is expected to testify; or if not published by the expert, any such writing(s) which the expert is expected to rely upon in rendering his or her opinion.

2. List:

(a) each and every instance in which you have been retained to provide expert advice/an expert opinion, and state the name of the matter the person/party that retained you and the opinion/advice that you rendered; and

(b) each and every case in which you testified either in Court and/or had your deposition taken.

Dated: Providence, Rhode Island
July 27, 2005

Lovejoy & Associates, LLC
Attorneys for Defendant,
Lola Marine, Ltd.

By:____________________

Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

BottegaExpertInter.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on July 27, 2005, postage prepaid, to:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
Edelman, Krasin & Jaye, PLLC
Suite 210
One Old Country Road
Carle Place, NY 11514

Norman A. Peloquin, II, Esq.
16 Main Road, P.O. Box 65
Adamsville, RI 02801

Frederick A. Lovejoy