UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------X

JACQUELINE BOTTEGA,
Plaintiff,

v.

EDGAR YACHT MANAGEMENT, INC., and
LOLA MARINE LTD.,
Defendants.

---------------------------------------------------------X

LOLA MARINE, LTD.,
Third-Party Plaintiff,

v.

J. W. KAEMPFER,
Third-Party Defendant.

---------------------------------------------------------X

CIVIL ACTION
No. 04-323ML

February 21, 2007

DEFENDANT/THIRD-PARTY PLAINTIFF LOLA MARINE, LTD.'S OBJECTION TO THIRD-PARTY DEFENDANT J.W. KAEMPFER'S "CONSENT MOTION TO EXTEND PRETRIAL ORDER DATES"

Now comes defendant/third-party plaintiff Lola Marine, Ltd. and for its objection to third-party defendant J.W. Kaempfer's "Consent Motion to Extend Pretrial Order Dates" states as follows:

Simply put, third-party defendant J.W. Kaempfer's "Consent Motion to Extend Pretrial Order Dates" was not a consent motion at all; i.e., it was not circulated to plaintiff's counsel or to counsel for defendant Edgar Yacht Management, Inc., and while it was circulated to counsel for defendant/third-party plaintiff Lola Marine, Ltd., it contains provisions that its counsel stated that he wanted removed.

BACKGROUND

On October 23, 2006, defendant/third-party plaintiff Lola Marine, Ltd. filed its Consent Motion for an Extension of Time Modifying Scheduling Order (Docket 78). The sole purpose of

that motion consented to by all counsel was to protect the time in which defendant/third-party plaintiff Lola Marine, Ltd. might disclose expert witnesses; i.e., until December 23, 2006, following the depositions of Jacqueline Bottega and J.W. Kaempfer, which were then set to be taken in November 2006 (The deposition of Capt. Robert Edgar had been taken on October 20, 2006.)

Regrettably, the depositions of both plaintiff Jacqueline Bottega and J.W. Kaempfer were, thereafter, cancelled by counsel for third-party defendant J.W. Kaempfer. Mr. Kaempfer's deposition was, in fact, cancelled by counsel for third-party defendant on no fewer than on five (5) occasions.

That when defendant/third-party plaintiff Lola Marine, Ltd. sought on extension on consent on October 23, 2006, none of the other parties requested that the deadlines in the Court's Amended Scheduling Order of September 5, 2006 be modified (See Docket No.: 77). The deadlines for fact discovery and for filing dispositive motions passed, respectively on November 22, 2006 and December 15, 2006, without any party seeking an extension of time. Thereafter, during the week of December 18, 2006, counsel for defendant/third-party plaintiff Lola Marine, Ltd. contacted Francis J. Flannigan, Esq. because: 1) he was on trial and then engaged in a Society of Maritime Arbitrators, Inc. arbitration proceeding, and 2) the depositions of J.W. Kaempfer and Jacqueline Bottega had again been cancelled, and requested that Attorney Flannigan file a motion seeking an extension of time that would again allow the defendant/third-party plaintiff Lola Marine, Ltd. a period of sixty (60) days following the depositions of Jacqueline Bottega and J.W. Kaempfer to disclose any expert witnesses it might need to as a result of those witnesses testimony. Attorney Flannigan agreed to file such a motion, but for some inexplicable reason, never did so. Following the depositions of Jacqueline Bottega on

January 17, 2007, and J.W. Kaempfer on January 23, 2007, counsel for defendant/third-party plaintiff Lola Marine, Ltd. believed that it would not need to use any expert witnesses based on the testimony that had been given by plaintiff Jacqueline Bottega.

That from January 30, 2006, the date of this court's initial Pretrial Order, to date, third-party defendant J. W. Kaempfer has not noticed the deposition of any witnesses, whatsoever.

That one of the two additional witnesses identified in paragraph 7 of third-party defendant's "Consent Motion to Extend Pretrial Order Dates" will not need to be deposed because plaintiff's counsel has agreed to allow the doctor's report from the Blue Hill, Maine, facility to come into evidence without the doctor's testimony. Additionally, the second witness is the personal assistant of third-party defendant J.W. Kaempfer and if need be, Mr. Kaempfer could direct him to testify at trial.

Finally, defendant/third-party plaintiff Lola Marine, Ltd. is concerned that Capt. Edgar be available to testify at trial and believes that any significant delay in the trial of this matter may find him at sea without any means of returning to Rhode Island.

Wherefore, Third-Party Defendant having failed to exhibit good cause in support of its motion the defendant/third-party plaintiff Lola Marine, Ltd. requests that third-party defendant J.W. Kaempfer's "Consent Motion to Extend Pretrial Order Dates" be denied.

Dated: Providence, Rhode Island
February 21, 2007

Lovejoy & Associates
Attorneys for Defendant,
Lola Marine, Ltd.

By: /S/ FREDERICK A. LOVEJOY
Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

BottegaObjection.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on February 21, 2007, postage prepaid, to:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Gregory D. Bellantone, Esq.
Edelman, Krasin & Jaye, PLLC
Suite 210
One Old country Road
Carle Place, NY 11514

Norman A Peloquin, II, Esq.
Saunders & Saunders, LLP
700 Pleasant Street
New Bedford, Massachusetts 02740

Lawrence Brennan, Esq.
Wilson Elser Moskowitz Edelman & Dicker
150 E 42nd Street Floor 19
New York, New York 10017-5639

Francis J. Flanagan, Esq.
Sayer Regan Thayer & Flanagan
130 Bellevue Avenue
Unit 2
Newport, Rhode Island 02840-7424

/S/ FREDERICK A. LOVEJOY
Frederick A. Lovejoy